### Spencer *vs.* Halstead.

The defendant, in March, agreed with the plaintiff for board for himself and wife and the use of rooms for one year, from the first of May ensuing, at $800 a year, but did not commence boarding till September following, when the parties agreed that $100 should be paid for the quarter which had passed, and that the plaintiff should have at the rate of $800 per annum for the remainder of the year. The defendant having left the first of February thereafter, and being sued for the last quarter, the decla-·ration counting on the first agreement and for use and occupation of the rooms ; *held,* that the first contract was void, being an agreement not to be performed within one year, and that the plaintiff could not recover upon the other agreement · because it was not counted upon, nor for use and occupation.·

The rule of damages, if the plaintiff had been entitled to recover, after the defendant had left, would not be a proportionate part of the $800, but only such damages as the plaintiff had sustained from the breach of contract.

ASSUMPSIT, for $200, claimed to be due the plaintiff on a contract for board, for the quarter ending 1st May, 1843.

In March, 1842, the defendant agreed for board for himself and his wife, with the plaintiff, they to occupy certain rooms in her house, for one year from the first of May then next, at $800 a year. No deduction was to be made for absence. He did not board with the plaintiff or occupy the rooms during the first quarter, ending 1st of August, 1842; but about the last mentioned day it was agreed that he should pay for that quarter only $100; but for the remaining three quarters of the year should pay at the rate of $800 a year. The defendant began to board in September, 1842, and continued until the 1st of February, 1843, when he quit, having paid for the half year, from 1st of August, 1842, to 1st of February, 1843, in full.

The declaration contained special counts on the agreement for the year from 1st of May, 1842; but there was no count on the subsequent agreement made for the three quarters of the year, from 1st of August, 1842. There was also a count for the use and occupation of the rooms.

After giving the foregoing evidence the plaintiff rested, and the defendant moved for a nonsuit, stating, among other objections, that the contract for the year, being made in March, to

Spencer *v.* Halstead.

commence the 1st of the succeeding May, was void, as it was not to be performed within one year, and appeared not to be in writing; and that there being no count on the agreement made about 1st of August, 1842, the proof of that agreement must be disregarded. The motion was denied, and an exception taken by the defendant's counsel.

Evidence as to the quality of the board was given by both parties; the defendant insisting that he was warranted in leaving on account of a neglect of the plaintiff to furnish proper board.

The judge charged that the agreement made in March, 1842, for a year's board, &c. from 1st of May then next, was void, not being in writing; but he stated to the jury that the agreement made about the 1st of August, 1842, for board for the three remaining quarters of the year, was admissible in evidence under the special counts in the declaration, and that such agreement was valid although not in writing; and if the plaintiff had performed on his part, and the defendant had violated it, the plaintiff was entitled to recover, and that the damages for the quarter year would be $200 and interest thereon. The defendant's counsel excepted, and the jury rendered a verdict for the plaintiff for $211,38. The cause came before the court on a case.

*W. H. Bell,* for the defendant.

*G. M. Speir,* for the plaintiff.

*By the Court,* BEARDSLEY, J. The declaration contains two counts on a special contract for board and the use of rooms for a year; but there is no count on a contract for three quarters of a year. As the contract for a year was proved to have been made in March, to commence the succeeding May, and was therefore " not to be performed within one year from the making thereof," it was void, not being in writing. (2 *R. S.* 135, § 2.) So the circuit judge ruled, but he also held that proof of a very special contract for three quarters of a year, would sustain these counts upon a contract for an entire year. In this he erred, as he also

plainly did in holding and charging the jury that the plaintiff was entitled to recover full pay, according to the price agreed upon, for the last quarter of the year, although the defendant neither occupied the rooms nor had board with the plaintiff during any part of that time. If the contract was valid, and the defendant broke it without just cause, the plaintiff was still only entitled to such damages as necessarily and directly resulted from its violation. ( *Wilson* v. *Martin, ante, p.* 602.)

New trial granted.