Hitchcock, J.
The decision of this case depends entirely upon the construction which shall be given to the act under which the
original suit was brought, to wit, “the act providing *for the collection of claims against steamboats and other water-crafts, and authorizing proceedings against the same by name.” Without that act, no one would ever have thought of commencing an action of trespass for an assault and battery, in a common-law court, against any water-craft by name. But by the act referred to, this mods of proceeding seems to be authorized in some, if not in all cases,. Section 1 of the act is in these words : “ That steamboats and water-crafts, navigating the waters within or bordering upon this State, shall be liable for debts contracted on account thereof, bj the master, owner, steward, consignee, or other agent, for materials, supplies, or labor in the building, repairing, furnishiug, or equipping the same, or due for wharfage; and also for damage arising out of any contract for the transportation of goods or person»,; or for injury done to persons or property by such craft; or for any damage or injury done by the captain, mate, or other officer thereof, or by any person under the order or sanction of either of them, to any person who may be a passenger or hand on said steamboat or other water-craft, at the time of the infliction of such injury.”
Counsel for the plaintiff in error contend that in order to obtain redress for an injury to the person, the injury must have been inflicted while the craft was actually navigating the waters within or bordering upon the state; while, on the other hand, it is insisted that it matters not upon what waters the injury was in *81 flicted, so that the craft is subsequently found “ navigating the waters within or bordering upon this state.” Of this latter opinion, it would seem, were the court of common pleas.
Which is the true construction? It will be seen that the statute has no reference to the place whore the craft was built or where she may bo owned. It is not designed to apply to boats, the property of our own citizens, and to no other. The only words used as descriptive of the craft is, “steamboats or other water-crafts navigating the waters within or bordering upon the state,” such craft, under such circumstances, so navigating, is by the statute made liable for ^certain torts of the master, mate, or other officer. Water-craft navigating other waters, waters entirely beyond or without the jurisdiction of this state, would not be reached by any legislative enactment of this state.. Nor can any legislative act with propriety be construed as intended to effect any such object, unless such intention is clearly and explicitly expressed. As we understand the statute, the intention of the general assembly was to render boats liable for the torts of its officers, committed while such boats were upon our own watersfo?4upon waters bordering upon the state—to make the boat liable civilly for the tort, where the officer committing it would be liable criminally within our own jurisdiction. Perhaps the last remark is not precisely correct. A boat or vessel upon the Ohio, or upon Lake Erie, within the limits, where those waters are boundaries of the state,- would be within the statute, although the act complained of may not have been committed within the actual jurisdiction of the state.
In the case before the court the trespasses complained of were committed entirely beyond the territory of this state, and not while the boat was navigating the waters bordering upon or within the state. It is not a case within the meaning of the statute. The plaintiff might have had an action at common law in our courts for the injury, but he can not obtain redress by a proceeding under the statute.
Such being the construction, which this court give to the statute, it follows that in our opinion the court of common pleas erred. The judgment of that court is therefore reversed, and the cause remanded for further proceedings.