## SUPREME COURT.

### CHURCHILL AND OTHERS agt. CHURCHILL.

A *variety* of *counts* in a complaint upon the same cause of action is no longer allowable.

Under the present system, the party pleading should know, beforehand, what are his facts; which must be stated plainly and concisely, &c.

*Albany Special Term, Aug.* 1854.—Motion to set aside complaint.

The plaintiffs claimed to recover four sums of money, as follows : $1,500, with interest from January 12, 1853 ; $100, with interest from January 28, 1853 ; $100, with interest from July 16, 1853 ; and $43.25, with interest from August 12, 1853.

*Sixteen* causes of action are stated in the complaint. The *first* states that on or about the 12th day of January, 1853, the defendant received, from the Albany Savings Bank in the city of Albany, fifteen hundred dollars, money of Silas Churchill since deceased, who was the plaintiff's testator, to and for his use, and that he had not paid the same, &c. The *second* states, that some time in the year 1853, the defendant received *other* fifteen hundred dollars of the money of Silas Churchill upon his order, and in his lifetime, from the Albany Savings Bank, to be delivered to him, but that he did not deliver, &c. The *third* states, that in the year 1853 or 1854, the defendant received of the plaintiff's testator, for his use, *other* fifteen hundred dollars, which he has not paid, &c. The *fourth* states, that since the death of the plaintiff's testator, the defendant had and received of the plaintiffs fifteen hundred dollars, money of the plaintiffs, as executors, &c., which he has not paid, &c. Four other counts, or causes of action, substantially like those above mentioned, are stated, applicable to each of the remaining three sums claimed by the plaintiffs. The defendant moved to set aside the complaint, on the ground that it is not in compliance with the *second* sub-division of the 142d section of the Code.

J. H. REYNOLDS, *for plaintiffs.*

E. PAYN, *for defendant.*

Anderson and others agt. The Rochester, Lockport, and Niagara Falls R. R. Co.

HARRIS, Justice. The plaintiffs assume that they have *four causes* of action. They claim judgment for no more; and yet they have stated in their complaint four times that number. It is apparent that the pleader, being uncertain what could be proved, and wishing to have a complaint which would be adapted to any imaginable state of facts which the trial might disclose, has, in accordance with the most approved precedents of common law pleading, expended his ingenuity in devising a variety of counts upon the same cause of action, so that, when the action should be tried, some of them might be found suited to the facts as they should appear in evidence. Such a mode of pleading is no longer allowable. The theory of the present system is, that the party pleading should know, beforehand, what are the facts upon which he will rely, and that the pleading shall contain those facts stated plainly and concisely, without unnecessary repetition. . Whatever more a pleading contains is unauthorized, and may be stricken out. (Stockbridge Iron Company agt. Mellen, 5 *How.* 439.)

The motion to set aside the complaint must be granted, with costs, but with liberty to the plaintiff to serve an amended complaint, within twenty days after notice of this decision.