## DANLEY vs. WILLIAMS.

Where in an action on a contract for doing the carpenter and joiner work on a house for $560, of which $250 was to be paid as the work progressed and the balance when the work was completed; the complaint after setting out the contract, averred that all the work had been performed, except four or five days work and that the plaintiff was ready and willing to finish it, but was prevented by the fault of the defendant in not furnishing materials, but omitted to aver the value of the work performed ; and the defendant in his answer alleged that the cost of completing the work would be $103. *Held,*

1. That a recovery for the value of the work performed would be sustained under the pleadings; and that the omission to state that value in the complaint was aided by the answer of the defendant, putting that matter in issue.

2. That the plaintiff should have been allowed to amend his complaint at the trial so as to state the value of the work done, without terms, or the court after the evidence was in, should have amended the pleadings so as to conform to the facts proved.

In an action to recover the contract price for doing a piece of work, where full per

formance has been prevented by the other party, the measure of damages *prima facie*, is the contract price; but the defendant may mitigate the damages by showing that the party might have obtained other employment. *Per Paine, J.*

Where in such an action the complaint shows a complete performance, with the exception of a very small and comparatively trifling portion of the work, so that the time required to finish it would have been so short that no presumption of fact would arise that the plaintiff could have obtained employment elsewhere, the complaint states a good cause of action for the contract price. *Per Paine. J.*

APPEAL from the Circuit Court for *Dane* County.

The case is stated in the opinion of the court.

*Wakeleys & Vilas*, for appellant.

1. If either count is defective, inasmuch as the verdict is general, the judgment will be arrested or reversed, for the reason that the verdict may have been rendered on the defective count. 1 Ch. Pl., 411 ; *Benson vs. Swift*, 2 Mass., 53 ; *Kingsly vs. Bill*, 9 Mass., 193 ; *Bayard vs. Malcom*, 2 Johns., 573 ; *Cheetham vs. Tillotson*, 5 Johns., 434 ; *Vaughn vs. Havens*, 8 Johns., 110 ; *Cooper vs. Bissell*, 15 Johns., 318 ; *Hopkins vs. Beadle*, 1 Caines, 347 ; *Onslow vs. Horne*, 3 Wils., 185 ; *Cook vs. Fox*, 3 M. & Sel., 110. 2. The first count of the complaint shows that the plaintiff had no cause of action for the contract price. The performance of the whole work was a condition precedent to the recovery of anything beyond the $250, to be paid as the work progressed, and the facts averred do not amount to such a performance as to enable the plaintiff to recover the contract price. The payment admitted in the complaint, exceeds the amounts claimed in the second and third counts and the $250 to be paid as the work progressed, by $75.75. An offer and readiness to perform labor, where this is a condition precedent, is not equivalent to performance, for the purpose of sustaining an action upon the contract for the contract price; but is equivalent to performance, First, as a defense in an action by the employer against the employee, for non-performance of the labor. Secondly, to sustain an action against the employer for damages for not permitting the employee to

perform the work ; the damages including the value of work actually done, which value is usually determined by the contract price    Thirdly, it authorizes the party offering to perform and prevented from doing so, to rescind the contract, or treat it as rescinded, and recover the value of his labor performed, upon a general work and labor count.    *Gordon vs. Brewster*, 7 Wis., 355 ; *Smith vs. Wilson*, 8 East., 437 ; *Chamberlain vs. McAllister*, 6 Dana, 354; *Liningsdale vs. Livingstone*, 10 Johns., 35 ; *Hecksher vs. McRea* 24 Wend., 308 ; *Shannon vs. Comstock*, 21 Wend., 457; *Sewell vs. Schaeffel*, 4 Cow., 564; *Koon vs. Grunman*, 7 Wend., 121; *Clark vs. Marsiglia*, 1 Denio, 317; *Wilson vs. Martin*, 1 Denio, 602; *Clark vs. Mayor*, 4 Coms., 338; *Derby vs. Johnson*, 21 Vt., 17 ; *Colburn vs. Woodworth*, 31 Barb., 382; *Jewel vs. Blandford*, 7 Dana., 472.

3. There can be no recovery under this count for the value of the work actually done.    The quantity of the work done and its value, are not alleged with reference to the contract price, or otherwise, and it is not claimed that the value of the work exceeded the amount of the payment, $537.61.    There can be no recovery for work and labor upon a count on a special contract.    *Simmons vs. Putnam*, 11 Wis., 193 ; *Bradley vs. Levy*, 5 Wis., 404 ; *Clark vs. Smith*, 14 Johns., 326 ; *Raymond vs. Bearnard*, 12 Johns., 274 ; *Cranmer vs. Graham*, 1 Black., 407; *Robertson vs. Lynch*, 18 Johns., 451; 2 East., 145 ; 4 Wend., 289 ; Chitty on Cont., 569, and cases cited.

*J. H. Carpenter*, for respondent, cited Chitty on Cont., 577 ; 1 Swift's Dig., 701 ; 4 Campb., 375 ; *Beeson vs. Collyer*, 4 Bing., 309 ; *Hattman vs. Buluois*, 2 C. & P., 510 ; 4 id., 108.

*By the Court*, PAINE, J.    The only question in this case is as to the sufficiency of the complaint.    It professes to state three causes of action.    The first alleges a contract between the plaintiff and defendant, by which the plaintiff was to do the carpenter work upon a house for the sum of five hundred and sixty dollars; $250 to be paid as the work progressed, and

the balance when completed. It avers that the work had all been performed by the plaintiff, except four or five days work, that the plaintiff was ready and willing to finish it, but was prevented by the fault of the defendant in not furnishing materials. It claims to recover the whole contract price, averring that nothing had been paid except as was afterwards admitted.

The second cause of action, is for work and labor, being mostly extra work, for which the plaintiff claims $169.81, averring that nothing had been paid except as afterwards admitted.

The third, set forth the making of the contract, performance by the plaintiff, as far as it was possible, and that he was hindered and prevented from finishing by the fault of the defendant, by which he was damaged to the extent of forty dollars.

There is then a general admission that the sum of $539.56 had been paid, and a claim for a balance of $232.25.

The only error relied on by the appellant, was the refusal of instructions, the substance of which were, that the complaint was insufficient to authorize a recovery. To sustain this position, he attacks the first count, and insists that as it admits the work was never completed, and does not allege the value of what was done, and admits the payment of a sum greater than the amount to be paid as the work progressed, therefore it shows no cause of action. He relies upon a class of authorities which hold that in actions where the plaintiff has been prevented from performing by the fault of the defendant, the rule of damages is not necessarily the contract price, but the value of what was actually done, and such damages as accrued by the breach of the defendant's contract. But, even admitting this rule to be applicable to the first count, and that it does not show a right to recover the entire contract price, we do not think it can be held so defective as to justify the instruction asked by the appellant, to the effect that no recovery could be had, even though the jury should find anything in the plaintiff's favor. It is very obvious that this count states facts

enough to show the plaintiff's right to recover the entire con-tract price, less the value of "four or five days' work." Its only defect, as a count for this purpose, is in not stating defi-nitely what that value was. If that had been stated, it would have shown a complete cause of action for the work actually done, which would not have been at all prejudiced by the fact that the plaintiff claimed the entire contract price. Under these circumstances, it being very evident from the complaint, that the plaintiff claimed to recover for all the work that had been done, if a formal allegation as to its value, or what would have been the same, the value of the work still necessary to complete the contract, had been requisite to make the com-plaint perfect, the court should have ordered it so amended, without terms. And the parties having introduced their evi-dence, the court should have amended the pleading to conform to the facts proved, it being evident that the defendant could not have been misled. Besides this, the defendant avers in his answer, that it would have cost the sum of $103, and more, to complete the work according to the contract, thus putting in issue all the facts necessary to a recovery for the work actual-ly done. And where this is the case, the court will sustain a judgment according to the rights of the parties upon the evi-dence. *Hall vs. Gould*, 3 Kern., 127. For this reason, we hold that the instructions asked by the appellant on the trial were properly refused. I may add that, according to my own views, the first count states a good cause of action for the whole contract price. I admit that the rule of damages in such cases is not always necessarily for the whole contract price. I admit it to be settled that the defendant may mitigate the dam-ages, by showing that the plaintiff might have protected him-self by entering into other employment after he was prevented from completing his contract by the defendant. But as I un-derstand the authorities, this is a matter of proof by the de-fendant, and is not inconsistent with the position that the legal rule of damages upon a case like the one in the first count of

this complaint, is *prima facie* the contract price. This rule is of course subject to the other. That is, the damages which the law would allow upon the facts stated, in the absence of any mitigating facts, may be diminished by proof of such facts. And most of the cases relied on by the appellant, presented simply the question whether the damages could be thus mitigated or not, And although it was very properly held that they might, that does not imply that if no such mitigating facts had existed, the plaintiff would not have been entitled to the contract price. On the contrary, it is very clear that he would. For one contracts to work for another, either for a specified time or until he can finish a particular building or other work; if he is prevented by the default of the hirer, he is certainly damaged to the extent of the sum he would have received for his services, unless he could obtain other employment in the meantime. In the absence, therefore, of any evidence that the party might have obtained any other employment, the law can adopt no other rule of damages than the contract price, unless there is some legal presumption that such other employment might be obtained. The question is purely one of fact. The presumption of fact, may in some cases be very strong that the party might have obtained other employment. Thus, where the contract is fixed for a long service, and the breach occurs almost at the beginning, it would be extremely probable that new service could be found. Whether in such cases the courts should not act upon that probability, and require the plaintiff in pleading to negative the possibility of obtaining other employment, I do not care now to discuss. But whether they should or not, I think that in a case like the present, where the complaint shows a complete performance, with the exception of a very small and comparatively trifling portion of the work, so that the time required to finish would have been so short, that the court cannot say that there is any presumption of fact that the plaintiff could have obtained other employment, the legal rule of damages is *prima*

*facie* the contract price.   The very language used in many of the
cases relied on by the appellant seems to imply that the rule of
damages would be the contract price, unless it was shown that
the plaintiff might have avoided some part of the loss by other
service.   Thus, in *Heckscher vs. McCrea,* 24 Wend., 303, proof
of this kind had been offered, that the plaintiff had refused to
accept other freight in lieu of that which the defendant had
contracted to furnish.   The court said, "but it by no means
follows that where a man has hired out the services of his per-
son, or his property, at a stipulated price, and the employer
his failed to perform, the employee may either by lying still
or omitting to engage otherwise in the general line of his busi-
ness, *as a matter of course,* subject his employer to a payment
of the whole contract price."

So BRONSON, Judge, in *Wilson vs. Martin,* 1 Denio, 606
uses the same expression.   He says: "the plaintiff was not
entitled, *as a matter of course,* to the stipulated price," &c.
This language seems to assume that the damage is the con-
tract price, unless something appears in mitigation.   So in
*Colburn vs. Woodworth,* 31 Barb., 383, cited by the appellant
the court expressly says that where a contract for service is
broken by the employer, the employee has three remedies,
and the last one is, "he may wait until the termination of the
period for which he was hired and claim as damages the wages
agreed to be paid by the contract."   The case of *Costigan vs.
R. R. Co.,* 2 Denio, 609, is a very strong case in support of the
views I have advanced and cites many authorities.   In com-
menting upon several of the authorities cited by the appellant
here, the court says: "In all the cases which I have cited, the
facts on which the delinquent party sought to bring the
amount to be recovered below the sum agreed to be paid were
proved or offered to be proved on the trial.   Nothing was
left to inference or presumption, and it was virtually conceded
that the *onus* of the defense rested on the defendant."   I can
see no distinction between that case and those referred to in it,

and the one now under consideration, so far as relates to the rule of damage. There is no magic in the fact that the hiring is for a specified time that should make the rule different from what it is where the hiring is for a time long enough to complete a building. Upon this point I have given only my own views, the court having decided the case upon the grounds first stated.

The judgment is affirmed with costs