Muzzy vs. Ledlie and another.

PLEADING — *Complaint should contain but one count for the same cause of action.*

1. Under the Code, with its provisions for amendment to make pleadings conform to the facts proved, the same cause of action need not be set out in different counts, with variations of mere form or detail.
2. Where a cause of action on *contract* was set out in one count, and substantially the same facts set up in a second count on a *quantum meruit*, an order compelling plaintiff to elect is affirmed.
3. *It seems* that a motion for that purpose will be in season, after defendant has procured an extension of time to answer.

APPEAL from the Circuit Court for *Sheboygan* County.

The nature of the complaint in this action will appear from the opinion. Subsequently to the procuring of an order granting an extension of time to answer, the defendant obtained at

chambers a further order, directing the plaintiff to elect on which of the counts in his complaint he would rely at the trial, and that the other be stricken out. A motion to vacate this order having been denied by the court, the plaintiff appealed.

*J. A. Bentley*, for the appellant, contended, not only that the complaint was properly drawn, but that the procuring and service of the order extending the time to answer was an election by defendants to answer the complaint as it stood. *Bowman v. Sheldon*, 5 Sandf. 657; 7 Leg. Obs. 341.

*J. N. Jones*, for respondents.

Cole, J. It is quite apparent, upon an examination of the complaint, that the two causes of action therein set forth are in fact one and the same, stated in different forms. In the first cause of action, the plaintiff claims the sum of $1,199.10 as due upon the written contract therein set out, on account of the rental, use and service of the steam tug Tiger, from the 4th day of June, 1867, up to and including the 19th day of October, of the same year; which tug, with its crew, was employed by the defendant from 4 o'clock A. M., to 8 o'clock P. M., on each and every working day, according to the agreement, upon the United States government work at Sheboygan harbor. In the second count it is alleged, that the plaintiff, at the request of the defendants, with his servants and by his steam tug Tiger, upon and since the 4th of June, 1867, did perform for them (the defendants) labor and service under their contract with the United States government for work upon the harbor at Sheboygan; for which the defendants owed him $1,199.10. We are satisfied that these statements are really founded upon the same cause of action. The pleader, doubtless fearing lest he should fail in sustaining his action upon the written contract, inserted what, under the old system, would be called a *quantum meruit* count. Such a mode of pleading,

Muzzy vs.·Ledlie and another.

although greatly approved under the old practice, seems to be no longer allowable; and, if the objection is properly taken by motion, the court will compel the plaintiff to elect upon which count he will rely on the trial, and strike out the other. *Churchill v. Churchill*, 9 How. Pr. 552; *Lackey v. Vanderbilt*, 10 id. 155; *Ferguson v. Gilbert*, 16 Ohio St. 91. The only reason ever assigned for the practice of setting forth the same cause of action in different ways in several counts was, to avoid the consequences of a variance between the allegations and proof. But this reason has lost most of its force under the liberal power of amendment conferred upon the courts by the Code. Under the present practice, if, for any reason, the plaintiff should fail in sustaining his action upon the special contract, and yet the evidence should show that he was entitled to recover, it would be the duty of the court to permit an amendment to be made on the trial, so as to obviate the objection, when the defendants could not be misled to their prejudice by the amendment. *Danley v. Williams*, 16 Wis. 581; *Morgan v. Mason*, 4 E. D. Smith, 636; *Fort v. Gooding*, 9 Barb. 371. And therefore, since it is no longer necessary, in order to protect the rights of the plaintiff, that he should set forth in different counts the same cause of action—variances between the allegations and proofs being disregarded, unless they actually mislead the adverse party to his prejudice upon the merits—the practice of so doing is disapproved of, because it is not in harmony with the spirit of the Code.

*By the Court.*—The order of the circuit court, compelling the plaintiff to elect on which of the causes of action in the complaint he will rely, on the trial, is affirmed.