BISHOP, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*December 16, 1886 — January 11, 1887.*

PLEADING: ACTION. *(1) Joinder of causes of action. (2) Tort or contract? (3) Several counts for one cause of action.*

1. Causes of action in tort and upon contract cannot be joined unless they arise out of the same transaction.
2. Allegations that the plaintiff purchased a ticket at one of the stations of the defendant company; that in consideration of such purchase the defendant contracted to furnish the plaintiff a suitable and customary place to wait for the arrival and departure of the train, in the ladies' waiting-room; that it was dark and the said waiting-room was not then lighted; that the plaintiff requested the defendant to light the lamps therein so that she might occupy said room, but that the defendant unjustly and without cause refused to light said lamps or any of them, and accompanied said refusal with

Bishop vs. The Chicago & Northwestern R. Co.

language grossly insulting and derogatory to the plaintiff, to her great injury,— are *held* to state a cause of action upon contract.

3. Under the Code a single cause of action should not be stated in several counts with variations of mere form or detail.

· APPEAL from the Circuit Court for *Dane* County.

The action was brought by the plaintiff, *Ida J. Bishop*, to recover damages for the acts of the defendant set out in the complaint. The defendant demurred to the complaint on the ground that several causes of action were improperly united. On motion of the plaintiff the demurrer was stricken out as frivolous, and from the order entered in that behalf the defendant appealed.

The several causes of action were not stated separately in the complaint. The third, fourth, fifth, and sixth causes of action were as follows:

(3) " The plaintiff further shows that on or about the 21st day of October, 1885, the plaintiff purchased of the defendant, at said station of Afton, one first-class passenger ticket from said station of Afton to said station of Beloit and return; that in consideration of the purchase of said ticket the said defendant contracted and agreed with the said plaintiff to furnish the said plaintiff a suitable and customary place to wait for the arrival and departure of said train in the ladies' waiting-room of said station; that it was then night and dark, and that the said ladies' waiting-room at said station was not then lighted, but that there were lamps therein capable of being lighted; that the plaintiff requested said defendant to light said lamps, or some of them, so that the plaintiff might occupy said waiting-room, but that the said defendant unjustly and without cause refused to light said lamps or any of them, and accompanied said refusal with language grossly insulting and derogatory to said plaintiff, to the great injury of the said plaintiff."

(4) " The plaintiff further shows, that on or about the 26th day of October, 1885, the plaintiff purchased of the de-

fendant, at the said station of Afton, one first-class round-trip ticket from said station of Afton to said station of Evansville and return; that in consideration of the purchase of said ticket the said defendant contracted and agreed with the said plaintiff to transport the said plaintiff and her baggage from said station of Afton to said station of Evansville and return, promptly and safely, upon any of its trains carrying passengers and baggage at any time thereafter that the plaintiff should elect; and in consideration of the purchase of said ticket by said plaintiff of said defendant, the defendant further contracted and agreed with said plaintiff to check said baggage belonging to said plaintiff from Afton to Evansville upon any of its passenger trains, or to way-bill it upon any of its other trains which carry passengers between said stations, at the election of said plaintiff; and further contracted and agreed with the said plaintiff, to deliver up to the said plaintiff, at said station of Evansville, said baggage, upon the production of said check or way-bill; and further contracted and agreed with the said plaintiff to check said baggage belonging to said plaintiff, from Evansville to Afton upon any of its passenger trains, or to way-bill it upon any of its other trains which carry passengers between said stations, at the election of said plaintiff.

"The plaintiff further shows that on or about the 26th day of October, 1885, the said defendant did transport the said baggage of the said plaintiff from said station of Afton to said station of Evansville, but in a very negligent, reckless, and unskilful manner, to the damage of the said baggage and the injury of said plaintiff."

(5) "That upon the arrival of the said baggage at said station of Evansville or shortly thereafter, said plaintiff demanded said baggage of said defendant at a proper time and place and in a proper manner, and said defendant unjustly and without cause refused to deliver said baggage to

said plaintiff, but kept said baggage and converted it to its own use; and the said defendant, by its servants, accompanied its refusal with language grossly insulting and scandalous and threatening to said plaintiff, to the great injury of the said plaintiff."

(6) " The plaintiff further shows that on or about the 26th day of October, 1885, while the said baggage of the said plaintiff was in the possession of said defendant at said station of Evansville, the plaintiff, at a suitable hour, at said station of Evansville, while said station was open for the reception of baggage and freight, and while said defendant, by its servants, was present in said station for the purpose of checking or way-billing the baggage of passengers, and receiving and forwarding baggage and freight, showed said defendant, by its servants, said first-class passenger ticket from said station of Evansville to said station of Afton, and demanded of said defendant a check for the baggage of said plaintiff from said station of Evansville to said station of Afton; that said defendant unjustly and without cause refused to check said baggage of said plaintiff, and refused to transport said baggage of said plaintiff, and accompanied said refusal with language grossly insulting and derogatory to said plaintiff, to the great injury of said plaintiff."

A further statement of the complaint is not deemed necessary.

For the appellant there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *Mr. Winkler.*

*Howard L. Smith,* for the respondent, contended, *inter alia,* that all the causes of action alleged sounded in tort. Every breach of duty by a common carrier toward a passenger may be treated as a cause of action *ex contractu* or *ex delicto.* Thompson, Carriers of Pass. 544, sec. 2; Pierce on Railroads, 274; 2 Redf. on Railways, 282, sec. 4; *School Dist. v. B., H. & E. R. Co.* 102 Mass. 552; *Southern Exp. Co. v. McVeigh,* 20 Grat. 264; *Emigh v. P., F. W. & C. R.*

*Co.* 4 Biss. 114; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342. And it is not erroneous to allege the cause of action in both forms (as where either trover or conversion lie). Boone, Code Plead. 136; *Comstock v. Hier,* 73 N. Y. 269; *Hynes v. Patterson,* 28 Hun, 528. Whether an action is to be deemed *ex contractu* or *ex delicto* is to be determined by the nature of the grievance rather than by the form of declaration. Thompson, Carriers of Pass. 544, sec. 2; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342. As to the third cause of action, it is the duty of a railroad company to have its stations open and lighted, and a breach of that duty is a tort. Thompson, Carriers of Pass. 108. But this duty it owes only to its passengers, and the contract was therefore properly alleged as showing the relation of the parties. In every case of breach of duty by a carrier it is proper to allege the contract of carriage as matter of inducement, while the tort is relied upon for damages. Pierce on Railroads, 275; *Boorman v. Brown,* 43 Eng. C. L. 850; *Emigh v. P., F. W. & C. R. Co.* 4 Biss. 114; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 347.

Taylor, J. This is an appeal from an order of the circuit court striking out the demurrer of the defendant to the plaintiff's complaint as frivolous. Upon this appeal the question is not whether the demurrer was or was not frivolous, but whether the demurrer is well taken.

The ground of demurrer relied on by the counsel for the defendant is that several causes of action are improperly joined in the complaint, and it is insisted that some of the causes of action set out in the complaint are actions in tort, and others are on contract. It is admitted by both parties that actions in tort and on contract cannot be properly joined in the same action, under the Code, unless such causes of action arise out of the same transaction. See sec. 2674, R. S. 1878.

After a careful reading of the complaint, we are constrained to hold that the third cause of action stated in the complaint is clearly an action upon contract. The fifth and sixth causes of action stated in the complaint are clearly actions in tort, and do not arise, so far as can be ascertained from the complaint, out of the transaction stated in the third cause of action. Whether the other causes of action set out in the complaint be all in tort or all on contract, or some of them in tort and others on contract, we do not determine, as the plaintiff will be compelled to amend her complaint at all events. She can easily make it so certain that there need be no further difficulty in determining what causes of action the complaint contains. The demurrer to the complaint on the ground that several causes of action are improperly joined, we think is well taken and should have been sustained.

We are inclined to think, from a reading of the complaint, that several more causes ef action are stated in the complaint than there were transactions out of which it is claimed they arose. Although this is not a ground of demurrer, it is a method of pleading not sanctioned by the Code, which requires that the complaint shall contain " a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition."

In the case of *Muzzy v. Ledlie,* 23 Wis. 445, this court condemned that kind of pleading as wholly unnecessary and unauthorized, and we deem it proper in this case to call the attention of the bar to what was said in that case in condemnation of such repetitious pleading. The present chief justice, in his opinion in that case, says: " The only reason ever assigned for the practice of setting forth the same cause of action in different ways in several counts was to avoid the consequences of variance between the allegations and proof. But this reason has lost most of its force under the liberal power of amendment conferred upon

courts by the Code. . . . And therefore since it is no longer necessary, in order to protect the rights of the plaintiff, that he should set forth in different counts the same cause of action,— variances between the allegations and proofs being disregarded unless they actually mislead the adverse party to his prejudice upon the merits,— the practice of so doing is disapproved of because it is not in harmony with the spirit of the Code."

An exception to this method of pleading is recognized by this court in a case when the plaintiff cannot know beforehand the precise nature and limits of the defendant's liability to him, and in such case it is permissible to allow the plaintiff to state his cause of action differently in different counts. See *Whitney v. C. & N. W. R. Co.* 27 Wis. 327.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings.