SHENNERS, by guardian *ad litem*, Respondent, vs. THE WEST SIDE STREET RAILWAY COMPANY, Appellant.

74    447
59 LRA 238n

*September 10 — September 24, 1889.*

Pleading: Election between counts substantially alike: Appealable order.

1. In an action for personal injuries the complaint contained two counts, both alleging that the injuries were caused by the negligence of the driver of defendant's street-car. The second count also alleged negligence of the defendant in allowing the car and the street at the place of injury to remain out of repair, but did not allege that such negligence contributed to the injury. *Held,* that as the only negligence alleged as the direct cause of the injury was that of the driver, the two counts were substantially alike, and the defendant was not prejudiced by a refusal to compel the plaintiff to elect between them.

2. An order refusing to require an election between two counts in a complaint is not appealable where such counts are substantially alike and do not render the complaint contradictory or ambiguous, or tend to mislead or confuse the defendant in his defense.

APPEAL from the Circuit Court for *Milwaukee* County. The plaintiff, who is a minor three years of age, by his guardian *ad litem*, brings this action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company, which operates a line of street railway in the city of Milwaukee.

The complaint contains in form two counts for the same cause of action. The first count alleges only the negligence of the driver of the car which ran against the plaintiff and inflicted the injuries complained of. The second count alleges the negligence of the defendant company in suffering the surface of the street between the outer rails of its two tracks, at the place of injury, to become and remain depressed, and in allowing such car and the brakes thereon to become and remain out of repair so that the car could not be stopped with reasonable dispatch or certainty. It is

also alleged therein that "on said street, called Clybourn street, on the said 19th day of August, 1888, the said defendant was, by its servants, driving and conducting said unsafe, dangerous, and unserviceable car upon its said railway upon and over said Clybourn street, and over and upon said unsafe and insufficient crossings therein, which it was the duty of said defendant to keep at all times in good and safe condition and repair; and said plaintiff was lawfully crossing the same, and the said defendant, by its servants, so negligently drove and conducted the said unsafe, dangerous, and unserviceable car that thereby the same ran and was driven against the plaintiff, and seriously injured him."

The defendant moved the court to require the plaintiff to elect on which count he will rely at the trial; that on such election the other count be stricken out; and if no election be made, that the second count be stricken out. The court denied the motion, without costs. The defendant appealed from the order denying the same. The plaintiff moved in this court to dismiss the appeal, on the alleged ground that the order is not appealable.

*Danforth Becker*, for the appellant.

For the respondent there was a brief by *Bell & Rose*, and oral argument by *D. S. Rose*.

LYON, J. Inasmuch as the determination of the motion to dismiss involves a consideration of the merits of the appeal, the case will first be considered on the merits.

I. Both counts allege that the negligence of the driver was the proximate cause of the injury. The second count further alleges that Clybourn street, at the place where the plaintiff was injured, and the car which ran against and injured him, were out of repair, and that the defendant was negligent in allowing them to remain so. But it is not alleged therein, either expressly or by reasonable inference,

that such conditions of the street and car contributed to the injuries complained of. The only reason we can perceive for inserting those allegations is to show that, because the street and car were out of repair, the obligation of reasonable diligence called for greater caution and care on the part of the driver than would have been required had the street and car been in proper repair. Such, we think, was the intention of the pleader. Hence the negligence of the driver is the only negligence alleged as the direct cause of the injury.

All the material allegations in both counts can properly be proved under either count, because they are all pertinent to the question whether the driver was negligent. It was sufficient to allege such negligence generally, as in the first count, and it will be competent for the plaintiff to prove, under such general allegation, that the street and car were out of repair. The two counts are, therefore, substantially alike. This is bad pleading, under all the cases on the subject, particularly *Muzzy v. Ledlie,* 23 Wis. 445. Had the circuit court ordered the plaintiff to elect on which count he would rely at the trial, this court would not disturb the order. Such is the rule of *Muzzy v. Ledlie,* and other cases in this court.

But it does not necessarily follow that because the complaint is thus defective in form the order refusing to put the plaintiff to his election must necessarily be reversed. To work a reversal the error must have prejudiced the defendant. We cannot see how the defendant could possibly be prejudiced by the refusal to require the plaintiff thus to elect. It could not affect the rights of either party were one of the counts stricken from the complaint. All testimony admissible under the complaint in its present form would still be admissible. Moreover, the presence of both counts does not render the complaint contradictory or ambiguous, or tend in any manner to mislead or confuse the

defendant in its preparation for trial. It is the same as though the second count were a literal copy of the first, in which case its retention in the pleading could mislead or harm no one. Hence, were the order appealable, it could not properly be reversed, although erroneous.

II. Is the order appealable? It is not, unless it involves the merits of the action, or some part thereof. R. S. sec. 3069, subd. 4. Holding, as we do, that the striking out of one of the counts would not operate to limit or change the proofs on the trial, and that the retaining of both counts would not render the complaint contradictory or ambiguous, or tend to mislead or confuse the defendant in the defense of the action, it follows that the order in question does not involve the merits of the action, and hence is not appealable. The motion to dismiss the appeal must therefore be granted.

*By the Court.*— Appeal dismissed.