## AULTMAN CO. v. FERGUSON.

1. A mortgagee of chattels brought claim and delivery to recover possession of certain property described in the morgage, which was given to secure the price of an engine sold by plaintiff to defendant, and afterwards commenced another action to foreclose such mortgage. Defendant, in its answer in each action, set up a breach of warranty of the en-

gine, and in the second also claimed damages for a breach of a subsequent agreement relating to the engine. The parties then stipulated that "said foreclosure action stall stand for trial in said court before a trial of fact in said action in claim and delivery." *Held*, that it was within the discretion of the court to order such actions consolidated, notwithstanding the stipulation.

2. In an action to foreclose a mortgage given to secure the price of an engine, and to recover possession of property covered by the mortgage, defendant pleaded a breach of warranty. *Held*, that it was error not to exclude evidence by defendant that two years after such sale the engine "in its present condition," was of no value to him, but would have been worth to him $1,050 had it fulfilled the warranty.

3. A witness who had never seen the engine in dispute, but had heard the other witnesses testify, was not competent to state what the engine was worth in its condition as described by such witnesses.

4. A certain witness and defendant testified that the engine in question was worth nothing; but on cross-examination the former testified that the whole trouble with the engine might have been due to the slipping of an eccentric, or the failure of the pumps to work properly, which might have been caused simply by the lack of a little packing, and, if these two things had been fixed, it might have worked all right. *Held*, that it was error not to permit such witness to be asked how much time or expense it would take to make such repair.

(Opinion filed April 18, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Two actions—one in claim and delivery, to recover the possession of property described in a chattel mortgage, and the other to foreclose such mortgage—were consolidated and tried together. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Cheever & Hall* and *John C. Jenkins*, for appellant.

In this case the actions of replevin and foreclosure could not have been joined, because the action of replevin sounds in tort, and cannot be joined with an action upon contract. 1 Ency. of Pl. & Pr. 205, and cases cited.

*Mathews & Murphy* and *Alexander & Hooker*, for respondent.

FULLER, J. In aid of a foreclosure proceeding by advertisement, plaintiff brought an action in claim and delivery to recover the possession of certain property described in a chattel mortgage, which it is admitted the defendant executed to secure the payment of certain promissory notes given to plaintiff as part consideration for a steam engine. In his answer the defendant denied that plaintiff was entitled to the possession of the property, and, for a full and complete defense, relied upon a breach of a written contract executed by plaintiff, in which said engine was expressly warranted in every material particular. While this action was pending, and before the cause was reached for trial, plaintiff commenced an action to foreclose the chattel mortgage above mentioned; and the defendant, in resistance of the action to foreclose, again set up in his answer a breach of the contract of warranty, together with a certain claim for damages arising thereon, and growing out of a subsequent agreement between the parties in relation thereto. Later, counsel for the respective parties entered into a stipulation in which it was agreed in writing that "said foreclosure action shall stand for trial in said court before a trial of fact in said action in claim and delivery." Before the trial, counsel for defendant, upon the ground that both causes involved the same issues and subject-matter, moved the court —and, over the objection of counsel for plaintiff, obtained an order—that said actions be consolidated and tried together, leave to file an amended complaint being granted. The amended complaint in the action as consolidated, and the answer thereto, presented all the facts at issue prior to the order requiring the two cases to be tried together. The jury found for the defendant upon all the issues, and returned a verdict upon his counterclaim against plaintiff for $100. This appeal is from a judgment accordingly entered, and from an order overruling a motion for a new trial. Upon sufficient cause shown to this court the Aultman Company, by substitution, has been made the party appellant.

To avoid unnecessary costs, promote the convenience of litigants, and subserve the ends of justice, courts are authorized, in the exercise of a sound legal discretion, to consolidate two or more actions pending at the same time between the same parties.   It being obvious that a trial of either of the actions consolidated would virtually settle every material question involved in the other, the laudable object to accomplish which the order was made is clearly apparent; and, as no specific objection was entered to the ruling of the court upon the motion to consolidate, its action ought not to be reviewed and reversed, in the absence of a claim that appellant was prejudiced thereby. If, by the stipulation that the foreclosure suit should stand for trial before the action in claim and delivery, it was intended to have the latter abide the result of the former, a *quasi* consolidation was thereby effected, and appellant has nothing of which to complain.   Confessedly, according to the terms of the notes and mortgage, a default existed, and appellant's right to the immediate possession of the mortgaged chattels, for the purpose of foreclosure, was the controlling question in each of the actions, both of which stood upon the calendar for trial at the same term.   Presumptively, the stipulation as to the order of trial was made subject to the approval of the court, although it does not affirmatively appear that its attention was ever called thereto.   Whether, in any event, a court would be bound by an express stipulation of the parties not to consolidate two or more causes, is a question which the record does not present. Independently of statutes, it would seem that courts ought not, by stipulation of counsel, to be deprived of their inherent power "to make orders which will expedite business, and prevent costs and a multiplicity of suits, when one action will answer the purposes of justice."   4 Enc. Pl. & Prac. p. 676, and cases collated under the title, "Consolidation of Actions."   As the order consolidating the cases was clearly within the exercise of judicial discretion, the same will not be disturbed.   Wilkinson v. Black, 80 Ala. 329; Lewis v. Daniel, 45 Ga. 124;

Lindsay v. Wayland, 17 Ark. 385; Den v. Fen, 9 N. J. Law, 335. Counsel's contention that, under Sec. 5342 of the Compiled Laws, the court was without power to order the two cases pending to be tried together, is not sustainable. The sale of the engine evidenced by the notes and mortgage was the transaction out of which both actions arose, and the mortgaged property was the subject-matter, to some extent, involved in each case. Furthermore, the ultimate object sought to be attained in each instance was a foreclosure of said mortgage by a sale of the property described in the amended and in the original complaints. Under such circumstances, a cause of action sounding in tort may be joined with one arising upon contract. Comp. Laws, § 4932; Bishop v. Railway Co., 67 Wis. 610, 31 N. W. 219.

On direct examination, and in his own behalf, respondent was interrogated and testified as follows: "Q. Now, Mr. Ferguson, you may tell the jury what the value of this engine in controversy, which you purchased from C. Aultman & Co., was to you, in its condition as it was at the time Mr. Baine left your farm, or the farm where he was attempting to repair it, and when you hauled it back to Elkton. (Objected to by plaintiff's counsel as incompetent, irrelevant and immaterial, and not the proper basis of damages, under the pleadings. Objection overruled. Exception taken by the plaintiff.) A. It had no value. Q. Mr. Ferguson, what would this engine have been worth to you, if it had done the work of a good, ten horse power engine, that had been worked same amount that you had prior to that? (Same objection by the plaintiff as last above. Objection overruled. Exception taken by the plaintiff.) A. It would have been worth $1,050." E. P. Wolff, who appears to never have seen the engine, was called in respondent's behalf, and, after stating that he had heard the testimony of other witnesses as to the working of the engine and its value, was asked the following question: "You may state what that engine, in the condition as it then was, as described by the

witnesses of this action, is worth." Over an objection, valid and sufficiently specific, under any theory of the case, the witness was allowed to answer that the engine was entirely worthless. On cross-examination, after testifying, in effect, that the whole trouble with the engine might have been due to the slipping of an eccentric, or the failure of the pumps to work properly, "which might have been caused simply by the lack of a little packing, and if these two things had been fixed, it might have worked all right," he was asked the following question, to which an objection was, by the court, sustained: "Now, how much time or expense would it take to make these repairs?" As a complete defense to appellant's cause of action, respondent pleaded and relied upon a recission of the contract of purchase; and the undisputed evidence shows that he did actually return the engine, and demand of appellant the money advanced, together with a surrender of his notes and mortgage given as consideration therefor. Were we to assume, under the pleadings and theory upon which the case was tried, the true measure of damages to be the difference between the actual value of the engine and what it would have been worth had it fully complied with the terms of the warranty, the evidence of value offered and received would still be clearly inadmissible. The sale and contract of warranty were made and entered into on the 8th day of October, 1890; and respondent was allowed to state to the jury, as a measure by which to compute his damages, that on the 13th day of September, 1892, the engine in its present condition, was of no value to him, but that it would have been worth to him $1,050, had it fulfilled the warranty. The court erred in overruling the objection to the question, and in declining to sustain appellant's motion to strike out the answer. The question of value, when material, is not usually established by the opinion of a witness as to what an article is worth to him; and Sec. 4593 of the Compiled Laws provides that "the detriment caused by a breach of warranty of the quality of personal property, is deemed to be the

excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time.'' The question as to the value of the engine, propounded to the witness Wolff, who was testifying as an expert, was clearly incompetent, and invaded the province of the jury, because it required him to consider, weigh, characterize, and draw a conclusion of fact as to the effect of, the testimony of other witnesses. Dexter v. Hall, 15 Wall. 9; Kehr v. Lunsford (W. Va.) 8 S. E. 493. ''The object of all questions to experts [says Mr. Rice] should be to obtain their opinion as to the matter of skill or science which is in controversy, and at the same time to exclude their opinion as to the effect of the evidence. * * * If they require the witness to draw a conclusion of fact, they should be be excluded.'' 1 Rice, Ev. 351; Hunt v. Gaslight Co., 8 Allen 169. If, under any circumstances, it was competent for the witness Wolff to testify as to the condition or value of the engine, he ought to have been allowed to respond to the question propounded on cross-examination by counsel for appellant.

Other questions presented by the assignments of error require no special attention. The judgment is reversed, and a new trial is ordered.