SCHULTZ, Appellant, vs. KOSBAB, Respondent.

*April 10—May 2, 1905.*

*Pleading: Joinder of causes of action: Promissory notes: Delivery:
Statute of frauds: Breach of void contract: Damages.*

1. Two counts—one for money had and received and the other upon
a note given afterwards in settlement of the same claim—are
consistent with each other and properly united in the same·
complaint.

2. Where defendant signed a note in settlement of plaintiff's claim, and thereupon caused it to be delivered to the plaintiff's attorney in the matter, such transaction constitutes a complete delivery of the note.

3. No damages can be recovered for a breach of a part of a contract when the whole is void because within the statute of frauds.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was commenced before a justice of the peace, where issue was joined and trial had and judgment was entered in favor of the defendant, from which the plaintiff appealed to the circuit court. A trial by jury being waived in that court, the cause was retried, and at the close of the trial the court found as matters of fact, in effect: That on June 28, 1902, the plaintiff and defendant entered into an oral agreement whereby the plaintiff was to purchase the defendant's farm, with all the personal property thereon, together with several tons of hay, already cut and cocked in the field, for $4,600, of which $50 was paid down by the plaintiff to bind the bargain. That as a part of such oral agreement the plaintiff was to look to and take care of the hay, and for that purpose would, on June 30, 1902, haul the hay into the barn, and also make a further payment of $1,000 on the farm, and otherwise complete the deal. On June 30, 1902, the plaintiff notified the defendant that he was unable to procure the money wherewith to complete the deal and that it was impossible for him to perform his contract, and then demanded back from the defendant the $50 he had so paid down, which the defendant refused to repay. July 1, 1902, and while the hay was still in the field, it rained upon it and damaged the same in the sum of $25. That such damage was in consequence of the plaintiff's failure to take care of it as agreed. Thereafter the respective parties employed attorneys, who agreed upon a settlement of the matter February 27, 1904, the plaintiff throwing off some interest; and the defendant, not having the money, executed a note on that day, wherein,

for value received, he promised to pay March 5, 1904, to the plaintiff's attorney in the said matter, or order, at the German National Bank of Shawano, $52, with interest, "in settlement of *Chas. Schultz* account," signed by the defendant. That the said note was delivered to the defendant's attorney in the matter with the understanding that the defendant would pay the same before due and within a day or two after its execution, and, if he did not, then the defendant's attorney was to deliver the note to the plaintiff's attorney, to whom it was so made payable, which was done March 5, 1904, with the consent of the plaintiff's attorney, and the parties understood that the matter was thereby settled. A few minutes afterwards the defendant's attorney expressed his wish that the note should be redelivered and that the plaintiff should sue upon the original claim if at all; but no satisfactory agreement was reached, and the plaintiff's attorney, to whom the note was so made payable, indorsed the note over to the plaintiff on the day it became due, and placed it, so indorsed, in his safe, and subsequently informed the plaintiff what had been done, and thereupon retained the note "for collection without any actual delivery to the plaintiff in person." The defendant refused to pay the note, and this action was commenced upon two counts—one for money had and received and the other upon the note. As conclusions of law the court found, in effect, that the note was never delivered and therefore was of no effect; that the contract for the purchase of the farm was within the statute of frauds and void; that the plaintiff was entitled to recover the $50 so paid thereon, with interest at six per cent. from June 30, 1902; that the defendant was entitled to recover as damages for the loss of the hay $25 and interest at six per cent. from the time of the loss; that the plaintiff was entitled to a judgment for the balance so found due and costs; and ordered judgment accordingly. From the judgment so entered the plaintiff appeals.

The cause was submitted for the appellant on the brief of

*F. A. Eberlein,* attorney, and *M. G. Eberlein,* of counsel, and for the respondent on that of *Dreier & Winter.*

CASSODAY, C. J.  The complaint alleges two causes of action—one for money had and received June 28, 1902, and the other upon a note given by the defendant twenty months afterwards in settlement of the same claim.  The answer takes issue with the first cause of action, and claims that the second cause of action should be abated because it is based upon the same cause of action as the first.  The two counts are consistent with each other, and under the statutes and the repeated decisions of this court they were properly united in the same complaint.  Secs. 2646, 2647, Stats. 1898; *Curtis v. Moore,* 15 Wis. 134; *Muzzy v. Ledlie,* 23 Wis. 445; *Whitney v. C. & N. W. R. Co.* 27 Wis. 327; *La Pointe v. O'Malley,* 46 Wis. 35, 50 N. W. 521; *Bishop v. C. & N. W. R. Co.* 67 Wis. 610, 31 N. W. 219; *Shenners v. West Side St. R. Co.* 74 Wis. 447, 43 N. W. 103.  Certainly the defendant was in no way prejudiced by the presence of the second count, since it alleges a claim for a considerably less amount than the first count.  The only substantial controversy under the second count is as to whether the note was in fact delivered. The findings of fact, as set forth in the foregoing statement, are to the effect that the defendant signed the note in settlement of the plaintiff's claim, and thereupon caused it to be delivered to the plaintiff's attorney in the matter.  Such findings of fact, in our judgment, show that there was a complete delivery of the note in settlement of the plaintiff's claim, the conclusion of law of the trial court to the contrary notwithstanding.  Such settlement covered what the court found to be the defendant's counterclaim for damages for the alleged breach of that "part of the oral agreement for the purchase of the farm" whereby the plaintiff agreed to look to and take care of the hay.  Besides, under the facts as found by the court, it is well settled that the whole agreement was

void. Sec. 2304, Stats. 1898; *Clark v. Davidson,* 53 Wis. 317, 10 N. W. 384; *Kessler's Estate,* 87 Wis. 660, 59 N. W. 129; *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 231; *Martin v. Martin's Estate,* 108 Wis. 284, 84 N. W. 439. Being wholly void, the defendant could not recover damages for a breach of a part of such agreement. Id. Had the plaintiff taken and used the hay, a different question would have been presented.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the defendant for $52 and interest thereon from March 5, 1904.