DAVID GOLDER *versus* BENJAMIN FOSS.

An action upon a promissory note endorsed in blank, may be maintained in the name of any person who subsequently ratifies the act, although he has no interest in the note or knowledge of the commencement of the action or of the existence of the note, where there is no evidence of fraud, oppression, or any corrupt or improper motive.

And although he had stated to the defendant in writing, that he had no interest in the suit, and had never authorized it, he may subsequently do so, and maintain the action.

From the report of this case by MAY, J., it appears that the action was brought in the name of the plaintiff without his knowledge or consent, or any interest in the note in suit,

having never held it by delivery. That thereafter he informed the defendant in writing, that he never authorized the action upon said note and had no interest in it; but subsequently, on application of the attorney who brought the suit, authorized its prosecution to final judgment.

*S. Lancaster,* counsel for defendant, argued, that, before a plaintiff party can recover in a court of law, he must set forth his cause of action in his writ, and then his proof must support his declaration — otherwise he cannot recover.

In this case, every material allegation is *negatived by the proof.* The note sued was not endorsed and delivered to the plaintiff, as the declaration states. At the time the action was brought, the plaintiff was not, nor has he ever been since, the holder of the note. It was never delivered to him. He never held it. The case does not find, nor does the proof show, that *he ever saw it.* He has no interest in it or in this suit, nor was he ever a party to it in any way. This being the case, the defendant submits that the plaintiff cannot and ought not to be permitted to maintain this suit, and that no case can be found in which a plaintiff has been allowed to maintain an action on a note which he never held, to which he never was in any way a party, and in which he never had any interest.

*R. M. Mills,* counsel for plaintiff.

MAY, J. That no action can be maintained upon a negotiable promissory note, except by one, or under the authority of one having an interest in it, is well settled. Bragg v. Greenleaf, 14 Maine R., 395; Franklin Bank v. Lawrence et. al., 32 Maine R., 586. It is not necessary, however, that the person in whose name such action is brought should himself have any interest in the note. It is sufficient if the suit be brought in his name by his authority or consent. By the very terms of his promise the maker is answerable to the payee *or his order.* In the case of Fisher v. Bradford, 7 Maine R., 28, it is said by WESTON, J., that " there is nothing

in the law which forbids 'the holder of a negotiable promissory note, after it has been endorsed, from suing it in the name of another, provided it is unattended with any circumstances of fraud or oppresion. Nor is it unlawful for another person to institute such suit in his own name with the privity and consent of the party beneficially interested."

It is contended that this action cannot be maintained, because the plaintiff never held the note ; never had any interest in it ; and is in no way a party to it. The case shows that White, the payee of the note, brought it to R. M. Mills, the attorney in the suit, for collection ; that White's name was then endorsed upon it ; that the said Mills brought this action upon it in the name of the plaintiff without his knowledge and afterward on the 6th of November, 1856, he obtained his consent to prosecute said action to final judgment and execution. The note, though endorsed, was never, in fact, delivered to the plaintiff. It further appears that the plaintiff, before the entry of the action, on the 1st day of October, 1855, stated in writing to the defendant that he had no interest in the suit, and never authorized it. The facts thus communicated, so long as they existed, furnished a good defence to the suit. The defendant made no inquiry of the plaintiff whether he would or not subsequently ratify the act of White in bringing the suit in his name; nor did the plaintiff give him any intimation that he should not do so. The law authorizing such ratification so as to authorize the maintenance of the suit, the defendant must be regarded as assuming all the risk of such ratification, especially where he sets up a defence to a note upon which he is liable to some party, and when by the payment of the note he might have avoided the costs which have accrued. That such subsequent ratification in a case where the plaintiff had no knowledge of the endorsement of the note, or the bringing of the suit at the time it was brought, is equivalent to previous authority, and that no formal delivery of the note was necessary, are points which are fully settled in the case of Marr v. Plummer, 3 Maine R., 73. We see no evidence of

fraud, oppression, or any corrupt and improper motive, sufficient to take the case out of the general rule as stated in the two cases last above cited.

The cases of. Skowhegan Bank v. Baker et. al., 36 Maine R., 154, and Manufacturer's Bank v. Cole, 39 Maine R., 188, cited in defence, are wholly unlike the present case. There the notes declared on never ripened into contracts with anybody. The facts in each case show a mere attempt to make a contract, which, like a similar attempt in the case of Adams Bank v. Jones, 16 Pick., 574, proved to be an abortion.

Upon the other facts contained in the report the plaintiff is clearly entitled to prevail.

*Defendant defaulted.*