AARON HUNT, executor, *vs.* THOMAS HUNT.

Middlesex.   January 12. — 13, 1876.   COLT & ENDICOTT, JJ., absent.

In an action by the executor of A. for a bond lent by A. to the defendant, for which A. took a receipt, there was evidence that A. afterward, while sick in bed, made verbally a gift of it to the defendant, without any other delivery of the bond, and promised to return the receipt when he should be able to get it. The judge ruled that, upon the above evidence, as matter of law, there had been no sufficient delivery of the bond to constitute a valid gift, even if such was A.'s intention. *Held*, that this ruling was erroneous; and that the question whether there was such delivery was a matter of fact to be tried.

CONTRACT by the executor of Cyrus Hunt for money had and received by the defendant to the use of the testator, with a count alleging the delivery of a bond of the value of $1000, by the testator to the defendant; a promise on his part to return it; and a demand and refusal. Answer, a general denial.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the plaintiff offered in evidence the following receipt signed by the defendant: "Brighton, Nov. 15, 1871. Rec'd of Cyrus Hunt, bond of one thousand dollars, No. 23,658, which I am to return to him, or its equivalent in currency."

The defendant contended that the bond in question had been given to him by the plaintiff's testator. It appeared in evidence that he was the half-brother of Cyrus Hunt, who was in the habit of assisting him pecuniarily from time to time ; that the bond in question had been lent to him about the time the receipt in evidence was given. The defendant testified that, at the time of the loan, the plaintiff's testator signified his intention of giving the bond in question to him; that afterwards he did give the bond to him ; that at the time of the gift the bond was already in the possession of the defendant ; that the testator was sick in bed at the time and unable to get the receipt in question, but said that all papers in his possession were to be given up to him if he would come up some day when the testator was able to get them. A minister of the testator's parish also testified that the testator had made inquiries of him concerning the children of the defendant, who had attended school under the witness, and said he intended to do something for the defendant and his children ; that the testator afterwards told him that he had provided for the defendant and his children by giving a bond to the defendant. The plaintiff offered evidence tending to show that the testator did not intend a gift.

Upon this evidence, the judge, having found that the bond was originally a loan, ruled that as matter of law there had been no delivery of the bond by the plaintiff's testator to the defendant, sufficient to constitute a valid gift, even if such were proved to have been intended ; and found for the plaintiff accordingly ; and the defendant alleged exceptions to this ruling.

*C. T. Lovering*, for the defendant.

*J. Rutter*, for the plaintiff.

BY THE COURT. The ruling that, even if the testator intended to make a gift to the defendant of the bond in the possession of the latter, the evidence in the case was insufficient as matter of law to prove such delivery as was necessary to constitute a valid gift *inter vivos*, was erroneous. The question whether there was such delivery was a matter of fact, which should have been tried in the court below. *Exceptions sustained.*