75  503
180s 270

# James S. Neville, Adm'r, v. Wilford M. Jennings et al.

1. APPEALS AND ERRORS—*Errors Not Mentioned in Motion for New Trial Waived.*—Where a party in a written motion in the trial court specifies the grounds for a new trial, he will, in the Appellate Court, be confined to the reasons so specified, and will be held to have waived all causes for a new trial not so specified.

2. GIFTS—*Delivery Essential.*—To constitute a valid gift *inter vivos* it is essential that the thing be actually delivered. The donor must relinquish all present and future dominion over the subject-matter of the gift. If delivered to an agent to be subsequently delivered to the donee, the donor may, at any time before the agent acts, revoke his authority, and the donor's death before delivery revokes it.

3. CONSIDERATION—*Of Written Instruments—Parol Evidence as to.* —While it is always admissible to show that the consideration for an instrument was different from that mentioned in the deed, yet, where notes have been executed and delivered that fix the amount of the consideration, it is exceedingly dangerous to allow them to be overcome by parol proof, especially when coming from the mouth of a grantee sued by the administrator of his deceased grantor.

4. DELIVERY—*To an Agent Sufficient.*—Certain notes were not delivered to the payee but were left with and held by his attorney and agent. *Held*, that there was a sufficient delivery.

Citation in Probate.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1897. Affirmed in part, reversed in part and remanded with directions. Opinion filed June 3, 1898.

J. H. ROWELL and JACOB P. LINDLEY, attorneys for appellant; FIFER & BARRY, of counsel.

An agreement to take a less sum in satisfaction of a larger, is void as being without consideration. Hayes v. Massachusetts M. L. Ins. Co., 125 Ill. 626; Phoenix Ins. Co. v. Rink, 110 Ill. 538; Ostrander v. Scott, 161 Ill. 345.

If a gift does not take effect by delivery of immediate possession, it is then not properly a gift, but a contract; and this a man can not be compelled to perform, but upon good and sufficient consideration. Cooley's Blackstone (3d Ed.), Book 2, page 441.

Being a voluntary conveyance, without consideration, the

grantor was at liberty at any time to withdraw the deed from the possession of the custodian, and the grantee could have no just cause to complain; the grantor was under no legal obligations to make the donation. Hoig v. Adrian College, 83 Ill. 270.

It is an elementary rule that such a gift can not be made to take effect in possession *in futuro*. Such a transaction amounts only to a promise to make a gift, which is *nudum pactum*. There must be a delivery of possession with the view to pass the present right of property. Young v. Young, 80 N. Y. 436.

An agreement to release a claim unless there be a consideration shown is a mere *nudum pactum*. Wilson v. Keller, 9 Ill. App. 347.

To discharge a debt due on a note by way of gift, a release under seal, or for a consideration, or an actual delivery or cancellation of the notes, is essential. There must be such a delivery as to make the disposal of the thing irrevocable. In re Campbell's Estate, 7 Barr (Pa. St.), 100; Kidder v. Kidder, 33 Pa. St. 268; Zimmerman v. Streeper, 75 Pa. St. 150.

The donor must be in no position to re-possess himself of the subject-matter of the gift or to recall the same. Little v. Willets, 55 Barb. (N. Y.) 125; Peeler v. Guilkey, 27 Texas, 356.

When the future delivery is to depend upon the payment of money or the performance of some other condition, it will be deemed an escrow. If it be expressly delivered as an escrow, to be delivered at a future time, it is not a present conveyance. 6 Am. and Eng. Enc., 864–865.

When a deed is delivered merely as an escrow to take effect upon the performance of some condition by the grantee in the future, no title passes until the condition has been performed. It is not the grantor's deed until the second delivery is made. 6 Am. and Eng. Enc. 867; Skinner v. Baker, 79 Ill. 496; 3 Wash. on Real Prop. 270.

A delivery to grantor's agent is no delivery. Hayes v. Boylan, 141 Ill. 400; Barrows v. Barrows, 138 Ill. 654.

Where the delivery is made to a third party in order that the latter may deliver the subject of the gift to the donee, as agent of the donor, the gift is not complete until there is an actual delivery to the donee, and until the gift is completed by delivery, the donor can revoke agent's authority and resume possession of the gift. Telford v. Patton, 144 Ill. 623; Williams v. Chamberlain, 165 Ill. 210.

The agency is revoked by the principal's death. Therefore the agent of one who intends a gift *inter vivos*, must have performed what is incumbent on him to make the transfer complete during the donor's lifetime, otherwise the gift fails as though the donor himself had failed to make a reasonable delivery. Nor can a gift *inter vivos* be sustained which contemplates a postponement of delivery by the agent or trustee until the donor's decease. For a gift of personalty made after this fashion must stand, if at all, as a gift *causa mortis*, or else on the footing of a testamentary disposition with all the formalities of a will. 2 Schouler's Personal Property, 82.

If delivery to a third party is simply for the purpose of delivering it to the donee as agent or messenger of the donor, the gift is not completed until actual delivery is made; until the gift is so completed the donor can revoke the agent's authority and resume possession of the gift. In such case death revokes the agency and the gift fails. 8 Am. and Eng. Enc., 1318.

To constitute a valid gift *inter vivos*, possession and title must pass to and vest in the donee, or in a trustee for the donee. If anything remains to be done to complete the gift, what so remains to be done can not be enforced, as it is based upon no consideration, and when the gift is thus incomplete there is a *locus pœnitentiœ* and the gift may be revoked. McCartney v. Ridgway, 160 Ill. 156.

A gift *inter vivos* can not be made to take effect in possession *in futuro*. Nor will equity interpose to perfect a defective gift or voluntary settlement made without consideration. McCartney v. Ridgway, 160 Ill. 156.

It is essential to a donation *inter vivos* that the gift be

absolute and irrevocable; that the giver part with all present and future dominion over the property given; that the gift go into effect at once and not at some future time; that there be a delivery of the thing given to the donee; and that there be such a change of possession as to put it out of the power of the giver to repossess himself of the thing given. Telford v. Patton, 144 Ill. 620; Williams v. Chamberlain, 165 Ill. 210.

Being an agreement without consideration the grantor was at liberty at any time to withdraw the notes from the possession of the custodian and the grantee could have no cause to complain; the grantor was under no legal obligation to complete the donation. Hoig v. Adrian College, 83 Ill. 270.

The donor must relinquish absolutely and irrevocably present and future dominion and power over the subject-matter of the gift. If the gift is not completed during the lifetime of the donor, his death revokes the part which has been performed.

In this case there was a delivery to a third party with instructions to deliver at his death. Trustees, etc. v. Hall, 48 Ill. App. 544.

Where it is delivered to a third party the donor must part with all control over the subject of the gift. If he retains control over the gift the holder is regarded as his agent, and a direction to keep it for the donee will not amount to a present delivery. Barnes v. People, 25 Ill. App. 136.

To constitute a gift *inter vivos* there must be a gift absolute and irrevocable without any reference to its taking effect at some future period. The donor must deliver the property and part with all present and future dominion over it. Roberts v. Draper, 18 Ill. App. 170.

To constitute a valid gift *inter vivos* it is essential that the article given should be delivered absolutely and unconditionally. The gift must take effect at once and completely. Gifts *inter vivos* have no reference to the future, but go into immediate and absolute effect. Smith v. Ferguson, 90 Ind. 232.

A gift *inter vivos* must be delivered in the lifetime of the

donor because if delivered to a third person with instructions to deliver to the donee, the authority to deliver may be revoked, and until delivery the donor retains dominion. Sessions v. Moseley, 4 Cushing (Mass.),87; Smith v. Ferguson, 90 Ind. 232.

A gift *inter vivos* can not be sustained which contemplates a postponement of delivery by the agent or trustee until the donor's decease; for a gift of personalty made after this fashion must stand, if at all, as a gift *causa mortis*, or else on the footing of a testamentary disposition, with all the formalities of a will. Smith v. Ferguson, 90 Ind. 234.

If a delivery is to a third person as the agent of the donor, then death will revoke the agency. Smith v. Ferguson, 90 Ind. 234.

If, therefore, it be delivered to a third person with authority to deliver it to the donee, this depositary, until the authority is executed by an actual delivery to and acceptance by the donee, is the agent of the donor, who may revoke the authority and take back the gift, and if the delivery did not take place in the donor's lifetime, the authority is revoked by his death. Sessions v. Moseley, 4 Cushing (Mass.), 92.

The delivery must be such as to vest the donee with the control and dominion over the property, and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee. Jackson v. 23d St. Railway Co., 88 N. Y. 526.

An absolute gift which will divest the donor's title requires the renunciation on his part, and the acquisition on the part of the donee, of all the title to and interest in the subject of the gift. Irish v. Nutting, 47 Barb. (N. Y.) 370.

The maker can not make a valid present delivery in his lifetime of his note payable at his death. It is but a promise to make a gift and is revoked by his death. Shaw v. Camp, 160 Ill. 429.

SAMPLE & MORRISSEY, attorneys for appellee Wilford M. Jennings.

Appellant is not in a position to question in this court the transfer of the loan association stock, because he failed to call it to the attention of the trial court, omitted all mention of it in his written motion for a new trial, and submitted no proposition of law concerning such stock. Ottawa, O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

Appellee Wilford M. Jennings had by law a right to acquire from his father the property mentioned in the record and obtained by him. Francis v. Wilkinson, 147 Ill. 370; Rutherford v. Morris, 77 Ill. 412, and cases cited in the briefs and opinions.

Wilford M. Jennings took the eighty acres of land, and gave the escrow note as a purchaser. Spear v. Griffith, 86 Ill. 552.

We are entitled to have the real consideration of the deed of the eighty acres to Wilford M. Jennings proved by the writings in evidence and the oral testimony of the witnesses. We are not bound by the recital in the deed. Union Mutual Life Insurance Co. v. Kirchoff, 133 Ill. 368; Booth v. Hynes, 54 Ill. 365; Primm v. Legg, 67 Ill. 500; Koch v. Roth, 150 Ill. 212.

The escrow notes are not an independent contract between maker and payee, but constitute part of an entire contract, which entire contract we are entitled to have the court ascertain from all the evidence, including the several writings and the parol testimony of the witnesses. Lacy v. Gard, 60 Ill. App. 72; Birks v. Gillett, 13 Ill. App. 369; Razor v. Razor, 142 Ill. 375; Ellis v. Sisson, 96 Ill. 105.

A promissory note or other simple contract, as well as a deed, may be delivered as an escrow. The law of escrow is substantially the same in both cases. Baum v. Parkhurst, 26 Ill. App. 128.

Parol evidence is admissible to show the conditions upon which an instrument in writing is held in escrow. Ottawa, O. & F. R. V. R. R. Co. v. Hall, 1 Brad. 612.

Hamilton was competent to act as depositary of the notes in escrow, because acceptance of such agency from both parties involved no violation of duty to either. Cincinnati, W. & Z. R. R. Co. v. Iliff, 13 Ohio St. 235.

The death of Joseph Jennings effected no revocation of Hamilton's authority as depositary, or of the instruments left in his care. Stone v. Duvall, 77 Ill. 475; Shea v. Murphy, 164 Ill. 614; Baker v. Baker, 159 Ill. 394; Miller v. Meers, 155 Ill. 284.

Payment by Wilford M. Jennings as prescribed in the escrow agreement would be a good accord and satisfaction. Roberts v. Carter, 31 Ill. App. 142.

A court will follow the construction of a contract adopted by the parties to it, and acted upon by them. Hall v. First Nat. Bank of Emporia, 133 Ill. 234.

Transfer of the Morseman note by Joseph Jennings to Wilford M. Jennings was a valid and complete gift *inter vivos.* Seavey v. Seavey, 30 Ill. App. 625, and cases cited in opinion.

Intention of the party is the very essence of delivery. Crabtree v. Crabtree, 159 Ill. 342; Smith v. Goodrich, 67 Ill. App. 418.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant, as administrator of the estate of Joseph Jennings, procured from the County Court of McLean County a citation against Wilford Jennings and Luke Cornell, under section 81 of the statute relating to the administration of estates, to compel them to disclose their knowledge of evidence of indebtedness, and other effects belonging to the estate which they had concealed.

During the examination in the County Court it was disclosed that three promissory notes in controversy were in the possession of F. Y. Hamilton, who had been the attorney of Joseph Jennings in his lifetime; whereupon he was made a party defendant to the proceedings.

After an extended examination, the court found that a promissory note for $2,737.50, executed by J. B. Morseman to Josephine Murphy and by Josephine Murphy indorsed to Joseph Jennings, in the hands of Hamilton, with an indorsement from Joseph Jennings to Wilford Jennings, was part of the estate of Joseph Jennings, and ordered Hamilton to

turn it, with $172.62 interest collected thereon, over to appellant.

It found that two notes in the possession of Hamilton, dated October 2, 1894, one for $3,310 and the other for $3,309.20, both signed by Wilford Jennings and payable to Joseph Jennings, did not belong to Joseph Jennings at the time of his death, and refused to order them to be turned over to appellant. An appeal was prosecuted to the Circuit Court of McLean County, where the case was heard by agreement upon the same evidence, furnished by the shorthand reporter who reported the evidence in the County Court. After the hearing in the County Court the judge of that court was elected circuit judge, and was the presiding judge upon the second trial. He adhered to the views entertained by him on the first trial and pronounced the same judgment.

Appellant assigns for error the holding of the Circuit Court that the two notes executed by Wilford Jennings to Joseph Jennings were not part of the estate, and its refusal to hold that Wilford should turn over to the administrator as part of the estate, the proceeds of certain stock which Joseph Jennings held in his lifetime in Shinkle's Loan Association, and which was collected by Wilford in 1894.

Appellees assign as cross-errors the holding of the court that the note executed by J. B. Morseman was part of the estate, and ordering it to be turned over to the administrator.

We could dismiss the contention that the court erred in refusing to hold that the proceeds of the stock in Shinkle's Loan Association were part of the estate, by simply saying that this point is now made for the first time. It was not raised by any proposition for holding or otherwise.

While appellant filed a motion for a new trial in which he specified the grounds of his motion, he did not make this one of them. Where a party in a written motion in the trial court specifies the grounds for a new trial, he will, in the Appellate Court, be confined to the reasons so specified, and will be held to have waived all causes for a new trial not so specified. Ottawa, O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

But we prefer to approve the action of the court on this branch of the case by saying that there was no evidence offered to justify a conclusion that the proceeds of the stock belonged to the estate. The stock was given and assigned to Wilford by his father, and collected by him long before his father's death.

We think that the court correctly held that the Morseman note belonged to Joseph Jennings at the time of his death. There is evidence showing that he intended to make a present of it to his son, but the gift was never made complete. True, he indorsed it and delivered it to his attorney, Hamilton; but it has never been delivered to Wilford. It remained in the possession of Hamilton up to the time of his death, just as we are led to conclude from the evidence that he intended it should. His death revoked the authority of Hamilton to deliver it to Wilford. To constitute a valid gift *inter vivos* it is essential that the thing given be actually delivered. It must take effect at once and completely. If there is not a manual delivery to the donee there must be to his agent or trustee. The donor must relinquish all present and future dominion over the subject-matter of the gift. If delivered to his agent to be subsequently delivered to the donee he may at any time before the agent acts, revoke his authority. His death before delivery revokes it. Telford v. Patton, 144 Ill. 611; McCartney v. Ridgway, 160 Ill. 129; Williams v. Chamberlain, 165 Ill. 210.

We have not experienced much difficulty in arriving at the conclusion that the action of the Circuit Court with reference to the proceeds of the stock in Shinkle's Loan Association and the J. B. Morseman note was right. To arrive at a conclusion satisfactory to ourselves upon the contention that the court erred in holding that the two notes executed by Wilford Jennings did not belong to the estate has been fraught with some perplexity, however. It is insisted by appellees that those notes are but part of a contract between Joseph Jennings and his son for the sale of a tract of land embracing 82.74 acres which belonged to

Joseph. The purchase price, they contend, was $3,200, to be paid to Emeline Larue and the children of Lucinda Janes as provided by a certain contract executed by the parties on the 2d of October, 1892, and left with Hamilton. At the same time a deed to the land was executed and delivered to Wilford. The consideration mentioned in the deed is $6,619.20, the amount of the two notes.

The contract and notes left with Hamilton are as follows :

"October 2, 1894.

It is hereby agreed by and between Joseph Jennings and Wilford M. Jennings, both of McLean county, Ill., that two notes dated October 2, 1894, for $3,310 and $3,309.20 respectively, given by Wilford M. Jennings to Joseph Jennings, shall be left in escrow with F. Y. Hamilton on the following condition and terms : Upon the death of said Joseph Jennings, the said Wilford M. Jennings shall pay the bequests made by the said Joseph Jennings by his last will and testament as follows, viz.: To Emeline Larue, or her children in case of her death, the sum of $1,200, as specified in said will, and to the children of Lucinda Janes, living on the 6th day of December, 1890, the sum of $1,000 (one thousand dollars), as specified in said will, and when all of said payments shall have been made by said Wilford M. Jennings, then the notes herein described shall be canceled and delivered up to the said Wilford M. Jennings as fully paid and discharged.

Receipts from said parties or their legally constituted representative or representatives, shall be sufficient evidence to the said Hamilton for the delivery of said notes under this agreement.

Dated the day and year first above written.

JOSEPH JENNINGS.
WILFORD JENNINGS."

" $3,310.                    BLOOMINGTON, ILL., October 2, 1894.

One year after date I promise to pay to the order of Joseph Jennings $3,310, at Bloomington, Illinois.

Value received without interest.

WILFORD M. JENNINGS."

On the back of this note is indorsed: "December 1, 1895. Paid on within note, one thousand dollars."

"$3,309.20.                    Bloomington, Ill., October 2, 1894.

Two years after date I promise to pay to the order of Joseph Jennings, three thousand, three hundred and nine and 20-100 dollars at Bloomington, Illinois. Value received (without interest).

Wilford M. Jennings."

The support of the contention that the real consideration for the conveyance of the land was the promise of Wilford Jennings to pay $3,200, according to the directions of his father, is the testimony of Wilford and Hamilton. As opposed to it are the facts that the land at the time of the conveyance was worth $80 per acre, that the consideration of $6,619.20 mentioned in the deed represented its actual value, and that the notes given in payment thereof aggregate that sum to a cent.

While it is always admissible to show that the consideration for a conveyance was different from that mentioned in the deed, yet, where notes have been executed and delivered that fixed the amount of the consideration, it would be exceedingly dangerous to allow them to be overcome by parol proof, especially when coming from the mouth of a grantee sued by the administrator of his deceased grantor. When Wilford secured the deed he paid no cash. The purpose of executing notes was to secure the purchase money. If, at the time, Joseph Jennings intended to sell the land for less than half its value, $3,200, it is difficult for us to see why he should require his son to execute his notes for the amount of its real value.

The will mentioned in the so-called escrow contract was destroyed, and Joseph Jennings died intestate. There were no such bequests as those mentioned in the will. If the construction contended for by appellees be placed on the transaction, who can bring suit against Wilford? Certainly not the beneficiaries in contemplation.

It is contended there was no delivery of the notes. The contract speaks of the notes as having been given by Wil-

ford Jennings to Joseph Jennings. The fact is prominent that Hamilton had been the attorney of Joseph Jennings for years. He was his legal adviser at that time and in this transaction. He never had been the attorney of Wilford. The papers were left with him and held by him as the attorney and agent of Joseph Jennings. We think there was a sufficient delivery.

A consideration of all the facts and circumstances surrounding the transaction and the closing years of Joseph Jennings' life lead us to the conclusion that he sold this tract of land to Wilford for $6,619.20; that the notes were executed and delivered to secure the purchase money and that he then attempted to make a testamentary disposition of $3,200 of them to Emeline Larue and the children of Lucinda Janes, and $3,419.20 of them to Wilford. If we are correct in that conclusion of fact, then, under the authorities already cited, the attempted disposition has failed in legal accomplishment, and the court should have ordered the notes turned over to the administrator.

The decree of the Circuit Court so far as it relates to the Morseman note is affirmed, but is reversed so far as it relates to the two notes executed by Wilford Jennings; and the case is remanded, with directions to decree that the two last mentioned notes are part of the estate of Joseph Jennings, and order them turned over to the administrator.

Affirmed in part, reversed in part and remanded with directions.