JOHNSON v. BEICKEY (CACHE VALLEY BANKING CO., Garnishee; MACHEN, Interpleader).

No. 4066.   Decided July 25, 1924.   (228 Pac. 189.)

1. GARNISHMENT—ASSIGNMENT OF NOTE BY PAYEE IN GOOD FAITH BEFORE SERVICE OF WRIT OF GARNISHMENT HELD TO PASS TITLE. Under Negotiable Instruments Law (Comp. Laws 1917, §§ 4059-4061), as to negotiation and indorsement of negotiable paper, where payee of a note transferred it to a bank as security for

a debt, and assigned his remaining interest in writing in good faith and for valuable consideration, prior to a garnishment served on bank, the rights of the assignee were superior to those of plaintiff in garnishment action, although the note was never actually delivered to him.

2. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS LAW DOES NOT ABROGATE RULE BY WHICH DELIVERY IS IMPLIED. Provision of Negotiable Instruments Law that a negotiable instrument is incomplete and revocable until delivery does not abrogate or impair rules by which delivery would be implied, from authority actually conferred upon an agent, or from conduct which should estop one from claiming that he had not delivered or authorized delivery of the instrument.

3. BILLS AND NOTES—NOTE INDORSED TO BANK AS SECURITY FOR DEBT MIGHT THEREAFTER BE TRANSFERRED BY DELIVERY WITHOUT INDORSEMENT. Where a note was transferred to a bank by payee as security for a debt, assuming that it had been indorsed, it might thereafter be transferred without indorsement by delivery, which might be actual or constructive.

4. BILLS AND NOTES—"ASSIGNMENT" AND "INDORSEMENT" DEFINED. "Indorsement" of a negotiable instrument is not merely transfer of title, but a new and substantive contract by which indorser becomes a party to the instrument and is liable, on certain conditions for its payment; an "assignment" means a transfer of title, and neither includes nor implies becoming a party or responsible.

Appeal fom District Court, Second District, Cache County; *M. C. Harris,* Judge.

Action by H. B. Johnson against Joseph A. Beickey, in which the Cache Valley Banking Co. was garnisheed, and J. H. Machen was interpleaded as a party defendant. From a judgment of the city court in favor of plaintiff, appeal was taken to a district court, from whose judgment in favor of the interpleaded defendant, plaintiff appeals.

AFFIRMED.

*L. E. Nelson,* of Logan, for appellant.

See 8 C. J. §§ 25, 71, § 333, 353, 568; 28 C. J. § 353.

*Jesse P. Rich,* of Logan, for respondent.

WIGHT, District Judge.

Plaintiff obtained a judgment against the defendant in the city court of Logan city, on October 17, 1921, and caused execution and garnishment thereon to be served on the garnishee, the Cache Valley Banking Company. It made return that it held two promissory notes, one for $1,500, due December 15, 1921, and one for $1,000, due December 15, 1922, signed by Wm. N. Hodges and wife, payable to the defendant, which notes it held as collateral security for a loan made by it to the said defendant.

The garnishment was later released as to the $1,500 note, and on collecting the $1,000 note, after the bank loan was paid, there remined $314.08 to the credit of the defendant. The banking company made an amended return setting forth that fact and alleged further:

"That since making the answer dated approximately a year ago, notice has been served upon us that said note belonged to J. H. Machen, or the equity due therein, and an assignment made in his favor signed by Joseph A. Beickey, has been shown to us, so that it now appears that we cannot legally turn over said note or the proceeds thereof to the plaintiff—without having the said J. H. Machen brought in as a party."

Said balance was paid into court, and said Machen was interpleaded as a defendant, and by his answer claimed the amount by virtue of an assignment made in writing on January 24, 1921, executed and acknowledged by the defendant and his wife, in the following form:

"To whom it may concern: We, the undersigned, hereby sell, assign, transfer and set over all right to one certain promissory note, now at the Cache Valley Banking Company, Logan, Utah, to have and to hold said note as his property without any interfering from us or any of our heirs. The said note is in the amount of $1,000 one thousand dollars, and is drawing interest at the rate of eight per cent. per annum, payable annually, and is signed William N. Hodges and his wife Clara Hodges, of Logan, Utah, in favor of Joseph A. Beickey, Weston, Idaho.

"Dated at Weston, Idaho, January 24, 1921."

Replying to said answer, plaintiff, on information and belief denied generally that such assignment was made, and alleged that at the time of such assignment, the note assigned was, and for a long time theretofore had been, attached in the hands of said banking company; that it was never delivered to said Machen, but was in the hands of the said banking company; that the assignment was not attached to the note or made a part of it.

As a separate defense, the plaintiff alleges that the purported assignment made to said Machen by the defendant was made to hinder, delay, and defraud the creditors of defendant, including plaintiff, and was not accompanied by an immediate and continued change of possession, but had remained in the possession of said banking company as pledgee; that said assignment was fictitious in that no indebtedness existed between the defendant and said Machen.

We have stated only the substance of the pleadings because they are voluminous, and no useful purpose would be served by setting them forth at length.

In the city court the balance paid into court was ordered paid to the plaintiff. Machen appealed to the district court of Cache county, where the case was tried to the court without a jury. Judgment was there entered in favor of Machen, from which judgment this appeal is taken.

This appeal is taken upon the judgment roll. The lower court made findings substantially as contended by respondent, Machen; i. e., that on or about January 24, 1921, the defendant and wife were indebted to said Machen in approximately the sum of $550 and executed and delivered said written assignment for that consideration on that day, and that subsequent to the execution and delivery of the said assignment, all the right, title, and interest of said defendant Beickey in the $1,000 note was garnisheed on December 23, 1921; that said assignment was not intended to hinder, delay, or defraud the creditors of the defendant; and "that the said $1,000 note, prior to the 24th day of January, 1921, was by a separate writing assigned and delivered to the Cache Valley Banking Company by the said Joseph A.

Beickey as collateral security for an indebtedness due the said Cache Valley Banking Company and the said note has since said time remained in the hands of said Cache Valley Banking Company and was not in the possession of the defendant, Joseph A. Beickey, on the 24th day of January, 1921, and the said note was not attached to the assignment made by the said Joseph A. Beickey on the 24th day of January, 1921, to the interpleaded defendant, J. H. Machen; that the said note is a negotiable instrument commonly called a promissory note."

No error is assigned as to the findings, by the appellant, but it is urged that the trial court erred in its conclusions drawn therefrom; that the interpleaded defendant is entitled to the money so paid into court by the banking company, and as authority for that position appellant relies upon Comp. Laws Utah 1917, §§ 4059, 4060, and 4061.

"4059. An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof; if payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder, completed by delivery.

"4060. The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement.

"4061. The indorsement must be an indorsement of the entire instrument. An indorsement which purports to transfer to the indorsee a part only of the amount payable, or which purports to transfer the instrument to two or more indorsees severally, does not operate as a negotiation of the instrument. But where the instrument has been paid in part, it may be indorsed as to the residue."

Appellant here contends, in effect, that the note, not having been actually delivered to the assignee named in the assignment prior to the service of the execution and garnishment, he cannot be considered a holder thereof, and that the plaintiff obtained priority over the assignee by virtue of such writs. While the Negotiable Instruments Law expressly provides that every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto, such pro-

vision is merely a legislative enactment of the common
law rule, and was not intended to abrogate or impair other
well-recognized rules by which delivery would be implied,
either from authority actually conferred by the maker or
holder upon an agent, or from conduct which should estop
them from claiming that they had not delivered or authorized
the delivery of the instrument. The trial court made no find-
ing as to whether or not the note was indorsed to the banking
company, nor was such finding necessary. The transfer to
the bank is not in question, and it may be assumed that the
instrument was so indorsed. It might thereafter be
transferred without indorsement, by delivery merely.       3
Such delivery may be actual, or constructive, such as
written evidence of the transfer intending thereby to vest
the thing itself in præsenti in the assignee, but it is not es-
sential that the delivery shall be directly to the assignee.
*Stoll* v. *Mutual Ben. L. Ins. Co.,* 92 N. W. 1277.

Turning to the authorities cited by appellant, we find that
they do not change or modify the general rules with reference
to the transfer or negotiation of negotiable instruments.

"'Assignment' of bills and notes is often referred to as includ-
ing indorsement, but as used herein the term is confined to a
transfer without indorsement. *Like an ordinary chose in action, a
bill or note may be transferred by assignment* or by mere delivery
with the usual incidents of such a transfer, *and this rule is not
changed by the negotiable instrument law.* * * * * It may be
formal or informal; * * * it may be by a *separate instrument,*
or in the absence of a statute to the contrary, by parol." (Italics
ours.)   8 Cyc. p. 383.

And in the case of *O'Connor* v. *Slatter,* 48 Wash. 493, 93
Pac. 1078, the court held:

"No doubt a promissory note may be transferred without in-
dorsement, the same as any other article of personal property,
either under our statute or independent of statute."

"Assignment" and "indorsement," as applied to nego-
tiable instruments, are not synonymous terms. An indorse-
ment is not merely a transfer of title, but a new and substan-
tive contract by which the indorser becomes a party to
the instrument and liable, on certain conditions, for       4

its payment. An assignment means a transfer of the title. It neither includes nor implies becoming in any way a party to the payment, or responsible for the insolvency or default of the maker.

The trial court, having found that the assignment was made by the defendant in good faith and for a valuable consideration, and prior to the service of the writ of execution, it properly concluded that the interpleaded defendant, Machen, was entitled to the remaining proceeds of said note, and the judgment entered thereon must be affirmed. Such is the order; respondent to recover costs.

GIDEON, THURMAN, FRICK, and CHERRY, JJ., concur.