## LEITZELL v. PETER.

No. 6021.   Decided November 17, 1938.   (84 P. 2d 416.)

*B\enjamin Spence* and *T. D. Lewis,* both of Salt Lake City, for appellant.

*Golden W. Robbins* and *Willard Hanson,* both of Salt Lake City, for respondent.

WOLFE, Justice.

The defendant appeals from the adverse judgment of the Third Judicial District Court of Salt Lake County in an action on a promissory note of which defendant-appellant was the maker and Dr. Frank D. Spencer the payee. Appellant urges as his ground for reversal that the plaintiff was not the holder of the note entitled to sue thereon.

The facts are not disputed. Golden W. Robbins has represented the plaintiff for several years as his attorney. The payee of this note employed him as attorney for the collection of the note. Robbins called the plaintiff and was assured that he was willing to have the note assigned to him and to have an action brought in his name. Thereupon the payee wrote on the back of the note the following: "Salt Lake City, Utah, 3-25-37. I hereby assign all my rights, title and interest in and to this note to LeRoy M. Leitzell. (Signed) Frank D. Spencer." He then delivered the note to Robbins for suit. Leitzell never saw the note. It was introduced in evidence by Robbins while trying the suit.

Was there here such a delivery of the note to plaintiff as to entitle him to maintain the action? It cannot be questioned that before the transferee of a promissory note can bring suit there must be a delivery of the note by the transferor. R. S. Utah 1933, 61-1-17, 61-1-31; Brannan, Negotiable Instruments Law (6th Ed.), pp. 249-252, 469-470; Daniel on Negotiable Instruments (7th Ed.),

Vol. 3, p. 764; 10 Corpus Juris Secundum, Bills and Notes, § 202, p. 689. But this delivery may be constructive—may be effectuated by delivery to the agent of the transferee. *Johnson* v. *Beickey,* 64 Utah 43, 48, 228 P. 189; *Babbitt Bros. Trading Co.* v. *First Nat. Bank,* 32 Ariz. 588, 261 P. 45; Daniel, Op. cit., Vol. 1, Sec. 70; 10 C. J. S., Bills and Notes, § 202, p. 690; 8 Amer. Jur. 51.

In the case at bar the note was delivered to the attorney for plaintiff who, as intended by the payee, brought suit for the plaintiff. Certainly, the attorney was the agent for the plaintiff in receiving the note so as to complete a valid delivery and make suit possible. The attorney, even without his testimony of state of mind, could hardly ■ be assumed to have received the note as agent only for the payee when he would thereby defeat his paramount purpose, which was to bring suit in the name of the plaintiff. The payee intended that suit should be brought by the plaintiff and the attorney intended likewise. The fact that Robbins took the note so specially assigned to plaintiff and while it was in his possession made out a complaint for plaintiff in which he alleged that plaintiff was holder thereof and signed such complaint as his attorney which attorneyship was not impugned makes Robbins' custody of the note that of his client, the plaintiff. This was all according to the wishes and instructions of the payee. Even if the custody of Robbins could be considered the possession on behalf of the payee when the payee delivered the note to Robbins, such custody was transmuted into one on behalf of plaintiff when the attorney inferentially declared he held it in behalf of plaintiff by declaring as plaintiff's attorney that plaintiff was the holder of the note.

Delivery to the attorney of the party who brought suit was held a sufficient delivery in *Schultz* v. *Kosbab,* 125 Wis. 157, 103 N. W. 237, and *Neville* v. *Jennings,* 75 Ill. App. 503. And it has been held that delivery to a person in a confidential relationship with both transferor and transferee constitutes a valid delivery. *Lysaght* v. *Bryant,* 9 C. B. 46 (67

Eng. C. L.), 137 English Reprint 808. Even where the endorser leaves the note with his attorney with instructions to bring suit on the note in the name of some third person without specifying the person, it has been held that there was delivery to the person who became the plaintiff and who never saw the note. *Whitten* v. *Hayden,* 9 Allen, Mass., 408 (according to the head note and by the text through implication) ; *Golder* v. *Foss,* 43 Me. 364. However, it has been held that a delivery to the transferor's attorney without instructions would not be a valid delivery. *City Nat. Bank* v. *Morrissey,* 97 Conn. 480, 117 A. 493. And one who holds a note for the transferor may have that possession changed to a delivery by the manifestation of appropriate intention. *Hunt* v. *Hunt,* 119 Mass. 474; *Richardson* v. *Lincoln,* 5 Metc., Mass., 201.

Appellant leans heavily on the old case of *Emmett* v. *Tottenham,* 155 English Reports 1612, 8 Exch. 884 (decided in 1853). But that case differs from this. Rickards, the agent of Dr. Walker for whom the plaintiff was procured to sue, was not an attorney and did not bring suit for the plaintiff. There could therefore be no transmuting of the custody of Rickards on behalf of Walker to a custody on behalf of the plaintiff as there was in this case.

Certain it is that Spencer intended that plaintiff should bring suit. Defendant does not contend that he is not liable on the note, but that there has been no delivery to this plaintiff. It is the court's duty to insure, before rendering judgment against him, that the defendant will be protected in paying this plaintiff. *Baglin* v. *Earl-Eagle Min. Co.,* 54 Utah 572, 184 P. 190; *Golder* v. *Foss,* supra; *Hays* v. *Hathorn,* 74 N. Y. 486; *Field* v. *Thornton,* 1 Ga. 306, 314. Proof that plaintiff is the holder is quite important because if judgment is given in favor of one not the holder the true holder may again obtain judgment. This is not so likely where the note is produced and marked as "merged in judgment," and practically impossible in a case like this

where the payee who has endorsed specially to the plaintiff appears in court and concedes that plaintiff is the holder.

The judgment of the district court is affirmed. Costs to respondent.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.