## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Noland Co.

v.

Wade Mechanical Corp. et al.

March 11, 1969

Case No. 315

BY JUDGE ALEX H. SANDS, JR.

During the year 1967 Charles B. Andrews and Elbert L. Parrish, trading as Andrews and Parrish, were prime contractors on a project involving construction and improvement work on the Oakland Baptist Church, hereinafter called "Oakland," located at Owens, Virginia, executing the customary performance bond and labor and material payment bond, with the Fidelity and Casualty Company of New York as surety. Certain of the plumbing and heating work was subcontracted by Andrews and Parrish to Wade Mechanical Corporation, which concern purchased from the plaintiff, Noland Company, upon open account, materials for use upon the project and it is the balance of $2,538.36 claimed by plaintiff to still be owing on these materials so purchased by Wade which is the subject of this suit. Wade has been adjudicated a bankrupt and this action is instituted against Andrews and Parrish and Fidelity, their surety on the performance bond, for this balance allegedly due upon the purchase of said materials. Wade is joined as a party defendant.

That the materials involved were actually purchased from plaintiff by Wade and went into the construction work on the Oakland job is so conclusively established by the evidence that the Court deems it a waste of time to review and comment upon the evidence on this point. Suffice it to say that although Wade was purchasing from

plaintiff material for several jobs which he was conducting simultaneously with the Oakland job, plaintiff kept a separate ledger sheet upon each job and the job designation which appears upon each invoice relied upon by plaintiff in support of its claim, together with the testimony offered as to the manner in which the invoices were prepared and handled, establishes beyond peradventure that the materials involved were purchased for and went into the Oakland job. It is furthermore conclusively established by the evidence that the items shown on plaintiff's Exhibit # 5, the cost of which represents the balance herein claimed owing it by Wade, were purchased from plaintiff by Wade and used on the Oakland job.

The sole issue in the case is whether these materials have or have not been paid for. If any of these items have been paid for, then defendants must prevail as to such items because these being the only items claimed by plaintiff by proper notice within ninety days as provided under Paragraph 3(a) of the conditions of the labor and material payment bond, claim for any other materials would not be timely. As to any of these items listed on page 5, however, as to which payment has not been made, plaintiff must prevail.

In support of their position that the items on plaintiff's Exhibit # 5 have been paid, defendants present the following argument. According to the evidence, in the fall of 1966, plaintiff became disturbed in regards to Wade's financial posture and after discussion with Andrews and Parrish, worked out an arrangement with that firm with the expresss consent of Wade whereby all further payment checks from Andrews and Parrish to Wade on the Oakland job would be made payable to Wade and plaintiff jointly. Four payments were made by Andrews and Parrish under this arrangement as follows (these are the dates of the checks):

| Nov. 21, 1966 | $3,690.00 |
| Dec. 21, 1966 | 3,600.00 |
| Jan. 25, 1967 | 1,080.00[1] |
| Mar. 16, 1967 | 15.21 |

These payments as received by plaintiff were applied to the Oakland job as per instruction from the office of Andrews and Parrish (Tr. 34) and were applied, as to that job, to the oldest items of account[2] and the balance remaining and items making up this balance are shown on Plaintiff's Exhibit # 5.

According to the evidence, the arrangement between Wade and the prime contractor Andrews and Parrish regarding payment, to which arrangement plaintiff was not a party and of which it had no actual knowledge, was as follows. On the 25th of each month Wade would submit to the contractor a requisition showing work done and material furnished on each job for the thirty day period immediately preceding and the contractor would pay Wade on the basis of such requisition. Wade testified that the first ten items on Plaintiff's Exhibit # 5 represented materials purchased from plaintiff and used on the Oakland job by Wade during the period ending November 25th, that the next ten items represent materials so purchased and used during the period ending December 25th and the last three items represent materials so purchased and used during the period ending December 31, 1966.

Starting with this premise, defendants contend that under the terms of the agreement between Wade and contractor that each payment was intended to include payment for the specific materials furnished by Wade on the job for the period covered by the payment and that, therefore, as between Wade and contractor the payments for November and December, 1966, and January, 1967, paid in full for all materials furnished on the job during these periods which, of course, are the items shown on Plaintiff's Exhibit

[1] The check was for $4,477.00 but by notation on the check only $1,080.00 of this amount was allocable to the Oakland job.

[2] There being no agreement between the parties as to any other method of application, this was in accord with the accepted practice in this State.

# 5 which plaintiff contends have not been paid for. The arrangement between plaintiff, Wade and Andrews, and Parrish to include plaintiff as a payee on Wade's checks, defendant contends, constituted an *assignment* of Wade's claim for payment of these materials to Noland and that Noland was bound by the pay agreement between Wade and Parrish and subject to all of its terms and that, therefore, by accepting the checks from Parrish payable to Wade and Noland jointly, Noland accepted the terms of the understanding between Wade and Parrish that each check, in effect, constituted payment for materials furnished during the thirty day period immediately preceding payment. The thrust of this argument is, of course, that Noland was bound by the terms of the arrangement between Wade and the prime contractor, Andrews and Parrish, to apply the proceeds of these checks to the last purchases (i.e. those shown on P-5) rather than to the oldest items on the account.

This position assumed by defendants is not tenable. First of all insofar as the transfer between Wade and Noland is concerned, such was an *endorsement* and *not* an *assignment*. While the two terms are sometimes treated as synonymous they are not. 10 C.J.S. *Bills & Notes*, sec. 227, *Johnson v. Beickey*, 64 Utah 43, 228 P. 189 (1924). There is a definite difference between the transfer of a negotiable instrument by assignment and a transfer by endorsement, an assignment making the assignee subject to the equities between the original parties and a transfer by endorsement not so restricting the endorsee. *California Standard Finance Corp. v. Millar Realty Co.*, 5 P.2d 41 (Cal. App. 1931). An assignment, as distinguished from an endorsement, is a transfer or conveyance of the right and title of the assignor. *Bank of Leipeis Fork v. Johnson*, 10 Tenn. App. 214 (1929).

The effect of Wade's endorsement upon the jointly drawn checks, therefore, has the effect of withdrawing Wade's name as payee on the check, nothing more.

There being no assignment effected by the action of Andrews and Parrish in including Noland as a payee on the check nor in the action of Wade in endorsing the check and Noland having no knowledge of and not being bound by any agreement between Wade and Andrews and Parrish as to the application of payments to any materials purchased during any particular period, and there being no agreement

shown between Noland and either Wade or Andrews and Parrish as to the method of application of the payments represented by the checks, Noland, under the accepted practice in Virginia was justified in applying these payments to the oldest items on Wade's account. *Loan Ass'n. v. Kendall Co.*, 205 Va. 136 (1964); *Pope v. Transparent Ice Co.*, 91 Va. 79 (1895).

It follows, therefore, that the items shown on Plaintiff's Exhibit # 5 totaling $2,583.86 are unpaid and Andrews and Parrish and their surety are liable under the Labor and Material Payment Bond given upon the job in question in this amount with interest thereon at the rate of six percentum per annum from February 28, 1967.